PHILLIP JOHNSON v. UNITED PARCEL SERVICE and LIBERTY MUTUAL INSURANCE COMPANY

No. COA01-319

(Filed 16 April 2002)

**Workers' Compensation— attorney fees—reasonable grounds to defend disability claim**

Defendants did not have reasonable grounds to defend plaintiff's workers' compensation claim, and the Industrial Commission erred by failing to tax plaintiff's attorney fees as costs under N.C.G.S. § 97-88.1, where plaintiff met his burden of establishing disability with a Form 21 agreement, which created the presumption of a continued disability; plaintiff never signed an agreement electing partial disability compensation, although he unsuccessfully attempted to return to work in another job; and a letter from defendants to plaintiff's counsel cancelling a hearing appeared to settle the issue and restore the presumption of ongoing total disability. Nothing thereafter occurred to put the presumption in question and defendants did not have reasonable grounds to defend the claim.

**JOHNSON v. UNITED PARCEL SERV.**

[149 N.C. App. 865 (2002)]

Appeal by plaintiff from judgment entered 20 October 2000 by Commissioner Bernadine S. Ballance in the North Carolina Industrial Commission. Heard in the Court of Appeals 30 January 2002.

*Mast, Schulz, Mast, Mills & Stem, P.A., by Charles D. Mast for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, LLP, by P. Collins Barwick, III and Jaye E. Bingham for defendants-appellants.*

THOMAS, Judge.

Plaintiff, Phillip Johnson, appeals from an opinion and award by the North Carolina Industrial Commission (Commission) regarding the taxing of attorney fees in a workers' compensation claim. For the reasons discussed herein, we reverse.

The parties stipulated to the following facts: Plaintiff was working for defendant, the United Parcel Service (UPS), when he sustained a compensable back injury on 11 June 1991. The parties entered into a Form 21 agreement, by which defendants, UPS and Liberty Mutual Insurance Company (Liberty) agreed: (1) plaintiff was disabled; and (2) to pay him the maximum rate of $406.00 per week and continuing for "necessary weeks."

In July 1994, Liberty informed plaintiff of an offer of a full-time job with Combined Contract Services paying $4.25 per hour as an airport screener. Liberty sent plaintiff's counsel a letter stating that plaintiff had until 18 July 1994 to accept or decline the position. Plaintiff then filed a Form 33 request for hearing. On 18 July 1994, defendants filed a Form 24 application to stop payment of compensation. On the same day, plaintiff notified defendants that he accepted the job as an airport security screener under protest. There was no employment position available for plaintiff with UPS.

Plaintiff only worked from 8 August 1994 to 16 October 1994 and defendants continued to pay temporary total disability benefits. Then, with a hearing scheduled for December, defendants wrote plaintiff's counsel a letter on 10 November 1995 stating in part:

As you know, your client is continuing to receive temporary total disability benefits, and I do not believe that there are any issues currently in dispute which would require the necessity of the hearing. As long as we keep paying temporary total disability, it

would not seem wise use of the Industrial Commission's time to hold a hearing in this matter.

Plaintiff received the temporary total disability payments until 30 May 1997, when defendants discontinued them alleging the 300-week maximum for benefits under N.C. Gen. Stat. § 97-30 had passed. Defendants explained that the only way plaintiff could receive additional benefits was if his condition worsened during the two-year statute of limitations period after the 300-week lapse.

Plaintiff has not worked since October 1994. Evidence showed that plaintiff has received $40,009.44 in medical compensation and $125,454 in disability compensation, of which $58,464 was temporary partial disability. Defendants have paid plaintiff no weekly benefits since 30 May 1997.

Defendants filed a Form 24 application to terminate plaintiff's partial disability benefits, which was initially approved. However, the Commission subsequently found that the Form 24 application was improvidently approved and based upon a misunderstanding of the facts. It set the approval aside. Because plaintiff had not elected to receive *partial* disability benefits, defendants were ordered to pay plaintiff pursuant to N.C. Gen. Stat. § 97-29 for *total* disability benefits, retroactive to 16 October 1994 and continuing through the present.

In its opinion and award, the Commission found that:

Defendants have not produced any evidence that plaintiff has been able to return to suitable employment at the same or similar wages as he was earning prior to his injury. Nor have defendants offered any evidence that plaintiff is capable of earning wages at any kind of employment beyond the return to work effort which he made from August to October 1994 in a part time, modified job. The wages earned by plaintiff in his attempt to return to modified work are not indicative of his wage earning capacity in the competitive job market. All plaintiff's treating physicians were of the opinion that plaintiff should attempt to return to work, and that his work attempt was unsuccessful. Plaintiff's current treating physicians are of the opinion that plaintiff is not presently capable of working in any kind of job, nor has he been since October 1994 when he stopped working the security job.

The Commission, however, then found defendants "had reasonable grounds to defend this claim." It ordered attorney fees to be paid only from the accrued award, and not pursuant to N.C. Gen. Stat. § 97-88.1.

By plaintiff's sole assignment of error, he argues the Commission erred in: (1) finding that defendants had reasonable grounds to defend his claim; and (2) failing to tax plaintiff's attorney fees as costs. We agree.

"Whether a defendant had reasonable ground[s] to bring a hearing is a matter reviewed by this Court *de novo*." *Ruggery v. N.C. Dept. of Corrections*, 135 N.C. App. 270, 273, 520 S.E.2d 77, 80-81 (1999) (citing *Troutman v. White & Simpson, Inc.*, 121 N.C. App. 48, 50, 464 S.E.2d 481, 484 (1995), *disc. rev. denied*, 343 N.C. 516, 472 S.E.2d 26 (1996)). A defendant has reasonable grounds to defend a claim where the defense is based in "reason rather than in stubborn, unfounded litigiousness." *Sparks v. Mountain Breeze Restaurant and Fish House, Inc.*, 55 N.C. App. 663, 665, 286 S.E.2d 575, 576 (1982).

Review of the Commission's award or denial of attorney's fees is limited and will not be overturned absent an abuse of discretion. *See Lewis v. Sonoco Prods. Co.*, 137 N.C. App. 61, 71, 526 S.E.2d 671, 677 (2000). An abuse of discretion arises when a decision is "manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

The burden to establish the existence and extent of a disability lies with the employee. *Demery v. Perdue Farms, Inc.*, 143 N.C. App. 259, 545 S.E.2d 485 (2001). In the instant case, plaintiff carried his burden by signing the Form 21 agreement with defendants. An approved Form 21 creates the presumption of an employee's continued disability. *Kisiah v. W.R. Kisiah Plumbing, Inc.*, 124 N.C. App. 72, 476 S.E.2d 434 (1996), *disc. rev. denied*, 345 N.C. 343, 483 S.E.2d 169 (1997). Once the presumption attaches, the employer then has the burden of establishing that the employee is employable. *Id.*

Plaintiff accepted a position as an airport security screener, but testified that he did so under protest. Then, claiming he suffered excruciating pain, frequently fell down, and had serious difficulties driving, he quit after approximately two months.

Prior to the 10 November 1995 letter, defendants corresponded with plaintiff and referred to his benefits as "partial." Plaintiff, however, never signed a Form 26 agreement to elect compensa-

tion for partial disability. The 10 November 1995 letter and hearing cancellation appeared to settle the issue and restore the presumption of ongoing total disability. *See Watkins v. Central Motor Lines, Inc.*, 279 N.C. 132, 181 S.E.2d 588 (1971). Nothing thereafter occurred to put the presumption in question. Defendants did not have reasonable grounds to defend plaintiff's claim and, therefore, we reverse the Commission.

REVERSED.

Judges WYNN and HUDSON concur.