ANGELA HENKE, Plaintiff-Employee v. FIRST COLONY BUILDERS, INC., Employer; RELIANCE INSURANCE COMPANY, Carrier, Defendants

No. COA96-1093

(Filed 1 July 1997)

**Workers' Compensation § 304 (NCI4th)— interest on award— not paid on attorney fees—constitutional challenge— standing of compensation claimant**

An appeal from the Industrial Commission was dismissed for lack of jurisdiction where plaintiff was awarded disability compensation with attorney fees; after a further dispute over a portion of the award, the Commission ordered that defendants pay interest to plaintiff; and the Commission denied plaintiff's motion to declare N.C.G.S. § 97-86.2 unconstitutional on the grounds that allowing interest to plaintiff but not to plaintiff's attorney is a violation of Equal Protection. An appeal may be taken only by the real party in interest; plaintiff here recovers both workers' compensation benefits and attorney fees and suffers no direct legal injury in the denial of interest payments to her attorney. As plaintiff was not a person aggrieved, she lacked standing.

**Am Jur 2d, Workers' Compensation § 640.**

Appeal by plaintiff from order entered 16 July 1996 by the North Carolina Industrial Commission. Heard in the Court of Appeals 13 May 1997.

*Richard F. Harris, III for plaintiff-appellant.*

*Caudle & Spears, P.A., by Sean M. Phelan and Lloyd C. Caudle, for defendant-appellee.*

TIMMONS-GOODSON, Judge.

By opinion and award filed 1 September 1989, plaintiff was awarded ongoing temporary total disability compensation, and subsequently, the Full Commission approved plaintiff's attorney contingent agreement for attorney's fees of one-third ($\frac{1}{3}$) of plaintiff's recovery. Thereafter, defendants made a lump sum temporary total disability payment, including the one-third ($\frac{1}{3}$) attorney's fee, but refused to pay ongoing temporary total disability compensation and the attorney's fees based upon one-third ($\frac{1}{3}$) of that ongoing compensation.

After the Full Commission refused to grant plaintiff any relief regarding the payment of attorney's fees based on one-third (⅓) of her ongoing disability compensation, on 22 June 1995, plaintiff filed a motion to declare section 97-86.2 of the North Carolina General Statutes unconstitutional. This motion was denied by opinion and award of the Full Commission filed 15 April 1996. Plaintiff filed a motion for reconsideration, and the Full Commission filed an amended opinion and award on 29 April 1996, ordering defendants to pay interest to plaintiff pursuant to section 97-86.2, but denying plaintiff's motion to declare that section unconstitutional as it applied to plaintiff's attorney. This opinion and award was appealed by plaintiff to Mecklenburg County Superior Court; and by order entered 8 July 1996 by Judge Marcus L. Johnson, the Industrial Commission was ordered to enter an appropriate order allowing plaintiff's attorney one-third (⅓) of all of plaintiff's future compensation benefits, but again, denying plaintiff's motion to declare section 97-86.2 of the General Statutes unconstitutional. The Full Commission, thereafter, amended its opinion and award by order entered 16 July 1996 to conform with the order of the superior court. Plaintiff appeals.

Plaintiff brings forth but one argument on appeal: The Commission committed reversible error in the denial of her motion to declare North Carolina General Statutes section 97-86.2 unconstitutional since the allowance of interest on an award to plaintiff, but not plaintiff's attorney, is in violation of the Equal Protection Clauses of Article I, Section 19 of the North Carolina Constitution and the Fourteenth Amendment to the United States Constitution. We decline to address the merits of this case, however, as plaintiff's appeal must be dismissed for lack of jurisdiction. This Court may *ex mero motu* dismiss an appeal for lack of subject matter jurisdiction, even if it is not raised by the parties on appeal. *Ramsey v. Interstate Insurors, Inc.*, 89 N.C. App. 98, 102, 365 S.E.2d 172, 175, *disc. review denied*, 322 N.C. 607, 370 S.E.2d 248 (1988).

It is well settled that an appeal may only be taken by an aggrieved real party in interest. *Insurance Co. v. Ingram, Comr. of Insurance*, 288 N.C. 381, 218 S.E.2d 364 (1975). A "person aggrieved" is one " 'adversely affected in respect of legal rights, or suffering from an infringement or denial of legal rights.' " *State ex rel. Utilities Comm. v. Carolina Utility Cust. Assn.*, 104 N.C. App. 216, 218, 408 S.E.2d 876, 877 (1991) (quoting *In re Rulemaking Petition of Wheeler*, 85 N.C. App. 150, 153, 354 S.E.2d 374, 376 (1987)), *disc. review denied*, 330 N.C. 618, 412 S.E.2d 95 (1992).

In the case *sub judice*, plaintiff was granted workers' compensation benefits, as well as attorney's fees. Plaintiff's motion to have section 97-86.2 of the North Carolina General Statutes, in its mandate that interest cannot be allowed on an award of attorneys' fees, declared unconstitutional was, however, denied. Plaintiff fails to show, and we can surmise, no injury to any of plaintiff's legal rights in the Industrial Commission's denial. Regardless of whether plaintiff's motion to declare section 97-86.2 unconstitutional is granted or denied, plaintiff recovers both workers' compensation benefits and attorney's fees based upon a one-third ($\frac{1}{3}$) contingency agreement. Plaintiff suffers no direct legal injury in the denial of interest payments to her attorney. Whether plaintiff's attorney receives interest on his fees is of no consequence to plaintiff; her interest is at most incidental herein.

As plaintiff is not a person aggrieved in this case, she lacks standing to bring this appeal. Accordingly, this appeal is dismissed.

Dismissed.

Judges COZORT and MARTIN, Mark D., concur.