ESTATE OF APPLE v. COMMERCIAL COURIER EXPRESS, INC.

[165 N.C. App. 530 (2004)]

ESTATE OF WORTH APPLE, ON BEHALF OF WORTH APPLE, DECEASED EMPLOYEE, AND
BESSIE HUTCHINS APPLE, WIDOW OF WORTH APPLE, DECEASED EMPLOYEE,
PLAINTIFF v. COMMERCIAL COURIER EXPRESS, INC., EMPLOYER; MICHIGAN
MUTUAL INSURANCE COMPANY, CARRIER DEFENDANTS

No. COA03-850

(Filed 20 July 2004)

**Workers' Compensation— past due medical expenses owed
to third-party medical provider—standing**

An employee's estate has no standing to bring a claim for
past due medical expenses owed to a third-party medical
provider by defendant employer in a compensable workers'
compensation claim because: (1) the medical provider has
made no claim for relief before the Commission; and (2) plain-
tiff has made no showing that the failure to make payment results
in injury in fact.

Appeal by plaintiff from an opinion and award entered 13
February 2003 by the North Carolina Industrial Commission. Heard in
the Court of Appeals 30 March 2004.

*R. James Lore for plaintiff-appellant.*

*Carruthers & Roth, P.A., by Norman F. Klick, Jr. and J. Patrick
Haywood, for defendant-appellees.*

HUNTER, Judge.

The Estate of Worth Apple ("plaintiff") appeals an Opinion and
Award of the Full Commission of the North Carolina Industrial
Commission filed 13 February 2003 ruling that Commercial Courier
Express, Inc. ("CCE") and Michigan Mutual Insurance Company (col-
lectively "defendants") were not responsible for additional payments
for rehabilitation care of Worth Apple ("Apple"). Because we con-
clude plaintiff lacks standing to bring this claim, we must vacate that
portion of the Commission's Opinion and Award.

This case stems from the same facts as *Apple v. Commer-
cial Courier Express, Inc.*, 165 N.C. App. 514, 598 S.E.2d 625 (2004).
Apple was working as a courier for CCE when he was attacked and
hit in the head with a hammer in August 1994. He remained in a per-
sistent vegetative state until his death in January 2001. This appeal
solely involves a claim by plaintiff that defendants failed to pay

$160,000.00 in accrued medical expenses to Winston-Salem Rehabilitation and Healthcare Center ("W-S Rehab") pursuant to a Form 21 agreement entered into by the parties.

W-S Rehab did not intervene in the action and the record in this case reveals W-S Rehab accepted a reduced payment of $50,000.00 as payment in full for services rendered to Apple and the account was settled to the satisfaction of W-S Rehab. On this issue, the Commission concluded, *inter alia*:

> 3. As a result of decedent's compensable injury, decedent was entitled to have defendants provide all necessary medical treatment arising from his compensable injury to the extent it tended to effect a cure, give relief or lessen decedent's disability. . . . Plaintiff failed to establish . . . that defendants have failed to pay the agreed reimbursement for the reasonable services provided by W-S Rehab.

> 4. [W-S Rehab] is estopped to request further compensation after accepting the $50,0000 payment as a full accord and satisfaction of the claim or potential claim for unpaid medical services. . . .

Thus, in the award portion of the opinion and award, the Commission stated: "Defendants are not responsible for payment of any additional monies to W-S Rehab for the care of decedent . . . ."

Although the Commission ruled in favor of defendants on the merits of the case primarily on the ground of accord and satisfaction between defendants and W-S Rehab, the dispositive issue before us on appeal is whether plaintiff even has standing to assert the non-payment of medical expenses by his employer to a third-party provider.

If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim. *See Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 113, 574 S.E.2d 48, 51 (2002). Standing consists of three main elements:

> "(1) 'injury in fact'—an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

ESTATE OF APPLE v. COMMERCIAL COURIER EXPRESS, INC.

[165 N.C. App. 530 (2004)]

*Id.* at 114, 574 S.E.2d at 52 (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 119 L. Ed. 2d 351, 364 (1992)). The issue of standing generally turns on whether a party has suffered injury in fact. *See id.*

In this case, plaintiff has made no showing that injury in fact has resulted or will result if defendants are not required to pay W-S Rehab the full $160,000.00. First of all, there is no outstanding debt to W-S Rehab. to be collected as evidenced by W-S Rehab's own correspondence. Further, even if there was an outstanding debt, W-S Rehab is barred by law from attempting to collect any such debt from plaintiff. *See* N.C. Gen. Stat. § 97-88.3(c) (2003) (class 1 misdemeanor for a healthcare provider to knowingly hold an employee responsible for medical expenses incurred as a result of a compensable injury); *see also* N.C. Gen. Stat. § 97-90(e) (2003) (a health care provider shall not pursue a private claim against an employee for costs of treatment unless claim is adjudicated not compensable). In addition, the sole and exclusive remedy for a healthcare provider seeking payment from an employer in a compensable claim is to apply for relief from the Commission. *See Palmer v. Jackson,* 157 N.C. App. 625, 634-35, 579 S.E.2d 901, 908 (2003), *disc. review improvidently allowed,* 358 N.C. 373, 595 S.E.2d 145 (2004). No such application was made in this case.

As such, we conclude plaintiff has no standing to bring a claim for past due medical expenses owed to a third-party medical provider by an employer in a compensable workers' compensation claim where (1) the medical provider has made no claim for relief before the Commission, and (2) plaintiff has made no showing that the failure to make payment results in injury in fact.[1] Accordingly, the portion of the opinion and award of the Commission addressing this issue, as

---

1. To the extent that plaintiff impliedly asserts in this appeal that defendants' failure to make full payment led to a reduction in the standard of care provided by W-S Rehab to Apple, plaintiff's recourse was not to force payment by defendants, but was instead under N.C. Gen. Stat. § 97-25, which provides that the "Commission may at any time upon the request of an employee order a change of treatment and designate other treatment suggested by the injured employee subject to the approval of the Commission, and in such a case the expense thereof shall be borne by the employer . . . ." N.C. Gen. Stat. § 97-25 (2003). Furthermore, if plaintiff believed the care given to Apple by W-S Rehab was legally substandard, the proper remedy would have been to pursue a potential tort action against W-S Rehab outside of the workers' compensation regime.

IN RE S.S.T.

[165 N.C. App. 533 (2004)]

contained in paragraphs 3 and 4 of the Commission's conclusions of law and paragraph 3 of the award, must be vacated.[2]

Vacated in part.

Judges WYNN and TYSON concur.

---

2. We note the remaining issues dealt with by the Commission regarding indemnity compensation to plaintiff are not before us on appeal and thus, this decision does not address the remaining portion of the Commission's opinion and award.