ESTATE OF APPLE v. COMMERCIAL COURIER EXPRESS, INC.

[165 N.C. App. 514 (2004)]

filed its petition alleging the minors to be neglected, the district court obtained jurisdiction over the matter.

[3] By this same assignment of error, respondents contend they did not receive notice of the permanency planning hearing as required by N.C. Gen. Stat. § 7B-907(a) (requiring the clerk to give fifteen days notice of the hearing to the parents). A party who is entitled to notice of a hearing waives such notice where they attend the hearing and participate in it without objecting to improper notice. *Anderson v. Anderson*, 145 N.C. App. 453, 456, 550 S.E.2d 266, 269 (2001); *Brandon v. Brandon*, 10 N.C. App. 457, 460-61, 179 S.E.2d 177, 179-80 (1971). Here, respondents and their attorneys were present at the hearing, they participated in the proceedings, and no one objected to improper notice. Thus, respondents waived any objection they might have had to improper notice. This assignment of error is without merit.

For the reasons discussed herein, we reverse the trial court's Permanency Planning Order and remand for proceedings consistent with this opinion. It is within the trial court's discretion to allow additional evidence prior to making findings of fact and conclusions of law. *See In re Anderson*, 151 N.C. App. 94, 100, 564 S.E.2d 599, 603 (2002).

REVERSED AND REMANDED.

Judges WYNN and CALABRIA concur.

———————————

ESTATE OF WORTH APPLE, on Behalf of WORTH APPLE, Deceased Employee, and BESSIE HUTCHINS APPLE, Widow of WORTH APPLE, Deceased Employee, Plaintiff v. COMMERCIAL COURIER EXPRESS, INC., Employer; MICHIGAN MUTUAL INSURANCE COMPANY, Carrier Defendants

No. COA03-829

(Filed 20 July 2004)

**1. Workers' Compensation— death benefits—statute of limitations—determination of disability**

A workers' compensation claim for death benefits was not time barred under N.C.G.S. § 97-38 where the decedent was attacked in 1994 while working as a courier, he was left in a per-

ESTATE OF APPLE v. COMMERCIAL COURIER EXPRESS, INC.

[165 N.C. App. 514 (2004)]

manent vegetative state, a Form 21 agreement for disability compensation was approved in 1994, and he died in 2001, more than six years after his injury and more than two years from the Form 21 filing.. While a Form 21 is a method for establishing disability, it does not always constitute a final award; in this case, the decedent's condition was uncertain and the Form 21 was a preliminary agreement for disability payments rather than a final determination of disability. That occurred in a separate claim on 19 April 2001, and death occurred within two years of that date.

**2. Workers' Compensation— attorney fees—determination of issue required**

The Industrial Commission errs by failing to rule on attorney fees when the issue has been raised. In this case, the motion was for attorney fees under N.C.G.S. § 97-88; while the Commission ruled on attorney fees under N.C.G.S. § 97-88.1, the statutes provide separate grounds and the case was remanded for a determination of the issue under N.C.G.S. § 97-88.

Appeal by plaintiff and defendants from an opinion and award entered 13 February 2003 by the North Carolina Industrial Commission. Heard in the Court of Appeals 30 March 2004.

*R. James Lore for plaintiff-appellant.*

*Carruthers & Roth, P.A., by Norman F. Klick, Jr. and J. Patrick Haywood, for defendant-appellants.*

HUNTER, Judge.

Commercial Courier Express, Inc. ("CCE") and Michigan Mutual Insurance Company (collectively "defendants") appeal from an opinion and award of the Full Commission of the North Carolina Industrial Commission ("the Commission") filed 13 February 2003 awarding death benefits to Bessie Hutchins Apple ("plaintiff") as widow of Worth Apple ("Apple"). Plaintiff also appeals. Because Apple's death occurred within two years of the final determination of disability, plaintiff was eligible to receive death benefits, and we therefore affirm that portion of the opinion and award of the Commission. We, however, remand this case to the Commission for a determination of whether plaintiff is entitled to attorneys' fees under N.C. Gen. Stat. § 97-88.

ESTATE OF APPLE v. COMMERCIAL COURIER EXPRESS, INC.

[165 N.C. App. 514 (2004)]

The undisputed facts of this case establish that on 4 August 1994, Apple, who was 77 years old, was working as a courier for CCE. Apple was brutally attacked and robbed while making a delivery. During the attack, he was struck in the head with a hammer and, as a result, suffered severe head injuries leaving him in a persistent vegetative state.

On 6 September 1994, defendants filed a Form 19 Employer's Report of Injury to Employee. This report noted that the probable length of Apple's disability was "unknown." On 20 October 1994, the Commission approved a Form 21 Agreement for Compensation for Disability. This Form 21 Agreement stated that disability compensation would be paid continuing for "[n]ecessary weeks" and the parts of the form regarding Apple's return to work were left blank.

Apple reached the point of maximum medical improvement between 10 March 1995 and 13 March 1995, but remained permanently and totally disabled. On 15 March 2000, defendants filed a Form 33 Request for Hearing in Apple's separate disability benefits claim alleging that plaintiff had refused to enter into a Form 26 agreement regarding the date of the onset of Apple's disability.[1] Apple died from complications stemming from his injuries on 14 January 2001. Plaintiff filed the present claim for death benefits on 22 March 2001.

Defendants requested that the Commission deny the claim for death benefits because Apple's death had occurred more than six years after his injuries and more than two years from the entry of the Form 21 agreement. Although the parties stipulated before the Commission that Apple was totally disabled on 4 August 1994, the date of the attack, the Commission concluded that no final disability determination under N.C. Gen. Stat. § 97-38 had been made in the case until 19 April 2001, when as a result of defendant's Form 33 request for a hearing in the disability benefits claim regarding plaintiff's reluctance to enter into a Form 26, the deputy commissioner determined that Apple was totally and permanently disabled on 13 March 1995, following his maximum medical improvement. The Full Commission agreed with the deputy commissioner that total and permanent disability occurred on 13 March 1995.[2]

---

1. The appeal from this related but separate disability benefits claim arising out of the same attack upon Apple is contained at *Apple v. Commercial Courier Express*, 165 N.C. App. 530, 598 S.E.2d 623 (2004).

2. We note that neither party appealed the deputy commissioner's 19 April 2001 determination that plaintiff was totally and permanently disabled as of 13 March 1995.

Because the Commission in the present case concluded that no final disability determination had been made until 19 April 2001, the Commission determined that Apple's death on 14 January 2001 occurred within two years of the final determination of disability. The Commission further concluded that plaintiff's claim was proper and awarded her benefits. The Commission also ruled that plaintiff was not entitled to attorneys' fees under N.C. Gen. Stat. § 97-88.1, but made no ruling as to plaintiff's motion for attorneys' fees under N.C. Gen. Stat. § 97-88.

The two issues on appeal are whether (I) the Form 21 agreement entered into by the parties in this case constituted a "final determination of disability," such that plaintiff was time-barred from filing a death benefits claim under the Workers' Compensation Act; and (II) the Commission erred by failing to rule on plaintiff's motion for attorneys' fees under N.C. Gen. Stat. § 97-88.

I.

[1] Defendants contend that plaintiff's claim for death benefits is time barred under N.C. Gen. Stat. § 97-38. Specifically, defendants argue that the 20 October 1994 Form 21 agreement entered into by the parties constituted a final determination of disability, and thus plaintiff's claim for death benefits filed 22 March 2001 was filed more than two years after the final disability determination. We disagree.

N.C. Gen. Stat. § 97-38 provides that:

If death results proximately from a compensable injury or occupational disease and within six years thereafter, or within two years of the final determination of disability, whichever is later, the employer shall pay or cause to be paid [death benefits].

N.C. Gen. Stat. § 97-38 (2003). In this case, it is undisputed that Apple died more than six years following his injury, therefore we must determine whether his death occurred within two years of the final determination of disability. Defendants contend that a Form 21 agreement is a final determination of disability.

It is true that a Form 21 is "[o]ne method for establishing disability . . . ; written agreements between employers and employees using Form 21 and approved by the Commission qualify as awards of the Commission and entitle employees to a presumption of disability." *Sims v. Charmes/Arby's Roast Beef*, 142 N.C. App. 154, 158-59, 542

S.E.2d 277, 281 (2001). The general rule is that a Form 21 agreement, approved by the Commission, is as " ' "binding on the parties as an order, decision or award of the Commission unappealed from." ' " *Kisiah v. W.R. Kisiah Plumbing*, 124 N.C. App. 72, 77, 476 S.E.2d 434, 436 (1996) (quoting *Dalton v. Anvil Knitwear*, 119 N.C. App. 275, 282, 458 S.E.2d 251, 257 (1995)). Our Courts have, however, also recognized that under certain circumstances, a Form 21 agreement does not constitute a final award or final determination, but rather acts as a preliminary and interlocutory award. *See Pratt v. Upholstery Co.*, 252 N.C. 716, 115 S.E.2d 27 (1960); *Beard v. Blumenthal Jewish Home*, 87 N.C. App. 58, 359 S.E.2d 261 (1987). This case is analogous to both *Pratt* and *Beard*.

In *Pratt*, the North Carolina Supreme Court held that the Form 21 agreement in that case was not a final determination of the compensation to be awarded and was instead "a preliminary and interlocutory award." *Pratt*, 252 N.C. at 722, 115 S.E.2d at 33. There the Form 21 agreement stated compensation would be paid continuing " 'for legal weeks.' " *Id.* at 720, 115 S.E.2d at 32. Further, the portions of the Form 21 relating to the employee's return to work had been left blank. *Id.* In addition, the uncertainty of the nature of the employee's injuries was evidenced by the Form 25 doctor's report, which in response to an inquiry regarding the employee's permanent disability, simply had three question marks. *Id.* at 721, 115 S.E.2d at 33. The Supreme Court concluded that under these facts the Form 21 did not constitute a final determination. *Id.* at 722, 115 S.E.2d at 33.

In *Beard*, the Form 21 agreement, as in this case, stated payment would " 'continu[e] for necessary weeks.' " *Beard*, 87 N.C. App. at 60, 359 S.E.2d at 262. This Court stated that because the Form 21 answered only the preliminary questions of jurisdiction and temporary disability, it left the extent of the employee's permanent disability unresolved and thus the Form 21 was not a final determination of disability. *Id.* We concluded, therefore, that the Form 21 agreement in that case was the equivalent of an interlocutory order and not a final determination. *Id.*

In this case, in addition to the Form 21, which stated the length of payments would be for "[n]ecessary weeks," the uncertainty of Apple's condition was evidenced by the employer's report stating the probable length of disability was "unknown." Furthermore, Apple did not reach maximum medical improvement until March 1995, and there was no determination that he was "permanently and totally" disabled until the Commission's resolution of the issue in the separate

disability compensation claim, on 19 April 2001, following the filing of a Form 33 request for hearing on the issue by defendants. Perhaps the most telling indication that the parties did not consider the Form 21 to be a final determination of disability is the fact defendants later attempted to enter into a Form 26 agreement to finally establish the date of disability and subsequently sought out the Commission to determine the issue.

Therefore, under the facts of this case, we conclude the Form 21 agreement entered into by the parties in the case *sub judice* was not a final determination of disability but rather a preliminary agreement for disability payments as in *Pratt* and *Beard*. We note that our holding in no way abrogates the general rule that a Form 21 creates a presumption of disability and is to be given the same effect as an order of the Commission. Thus, the final determination of disability was made by the deputy commissioner in the separate disability benefits claim on 19 April 2001, finding total and permanent disability occurred in March 1995, from which neither party appealed. Since Apple's death occurred on 14 January 2001, it occurred within two years of the final determination of disability in this case. Accordingly, plaintiff's claim for death benefits was not time barred under N.C. Gen. Stat. § 97-38. Thus, we affirm that portion of the Commission's opinion and award.

## II.

[2] Plaintiff assigns error to the Commission's failure to rule on her motion for attorneys' fees under N.C. Gen. Stat. § 97-88. Where the issue has been raised before the Commission, it is error for the Commission to fail to rule on whether attorneys' fees should be awarded. *See Whitfield v. Laboratory Corp. of Am.*, 158 N.C. App. 341, 358, 581 S.E.2d 778, 789 (2003). In this case, the Commission did rule under N.C. Gen. Stat. § 97-88.1, whether plaintiff was entitled to attorneys' fees. N.C. Gen. Stat. § 97-88, however, provides a separate legal ground for an award of attorneys' fees, *see id.*, and the Commission made no findings or conclusions with regard to this ground. Accordingly, we remand this case to the Commission for a determination as to whether plaintiff is entitled to attorneys' fees under N.C. Gen. Stat. § 97-88.

Affirmed in part and remanded in part.

Judges WYNN and TYSON concur.