ESTATE OF WORTH APPLE, ON BEHALF OF WORTH APPLE, DECEASED EMPLOYEE, AND BESSIE HUTCHINS APPLE, WIDOW OF WORTH APPLE, DECEASED EMPLOYEE, PLAINTIFF v. COMMERCIAL COURIER EXPRESS, INC., EMPLOYER; MICHIGAN MUTUAL INSURANCE COMPANY, CARRIER DEFENDANTS

No. COA03-850-2

(Filed 18 January 2005)

**Workers' Compensation— standing—employee's estate—medical expenses owed by employer to third-party medical provider**

An employee's estate did not have standing to bring a claim for past due medical expenses owed to a third-party medical provider by defendant employer in a compensable workers' compensation claim when: (1) the employer admitted compensability; (2) the employer and medical provider entered into an accord and satisfaction; (3) the medical provider made no claim for relief before the Commission; and (4) plaintiff made no showing that the failure to make payment results in injury in fact. However, this holding does not preclude a workers' compensation claimant from pursuing a medical only compensation claim when the claim is disputed or contested and there has not been an intervention of a medical provider in the lawsuit.

Judge TYSON concurring in result only.

Appeal by plaintiff from an Opinion and Award entered 13 February 2003 by the North Carolina Industrial Commission. Heard in the Court of Appeals 30 March 2004. Opinion filed 20 July 2004. Petition for rehearing granted 19 August 2004, reconsidering the case with the filing of additional briefs only. The following opinion supersedes and replaces the opinion filed 20 July 2004.

ESTATE OF APPLE v. COMMERCIAL COURIER EXPRESS, INC.

[168 N.C. App. 175 (2005)]

*R. James Lore for plaintiff-appellant.*

*Carruthers & Roth, P.A., by Norman F. Klick, Jr. and J. Patrick Haywood, for defendant-appellees.*

HUNTER, Judge.

Plaintiff appeals an Opinion and Award of the Full Commission of the North Carolina Industrial Commission filed 13 February 2003 ruling that Commercial Courier Express, Inc. ("CCE") and Michigan Mutual Insurance Company (collectively "defendants") were not responsible for additional payments for rehabilitation care of Worth Apple ("Apple"). Because we conclude plaintiff lacks standing to bring this claim, we must vacate that portion of the Commission's Opinion and Award.

This case stems from the same facts as *Estate of Apple v. Commercial Courier Express, Inc.*, 165 N.C. App. 530, 598 S.E.2d 623 (2004). Apple was working as a courier for CCE when he was attacked and hit in the head with a hammer in August 1994. He remained in a persistent vegetative state until his death in January 2001. This appeal solely involves a claim by plaintiff that defendants failed to pay $160,000.00 in accrued medical expenses to Winston-Salem Rehabilitation and Healthcare Center ("W-S Rehab") pursuant to a Form 21 agreement entered into by the parties.

W-S Rehab did not intervene in the action and the record in this case reveals W-S Rehab accepted a reduced payment of $50,000.00 as payment in full for services rendered to Apple and the account was settled to the satisfaction of W-S Rehab. On this issue, the Commission concluded, *inter alia*:

3. As a result of decedent's compensable injury, decedent was entitled to have defendants provide all necessary medical treatment arising from his compensable injury to the extent it tended to effect a cure, give relief or lessen decedent's disability. . . . Plaintiff failed to establish . . . that defendants have failed to pay the agreed reimbursement for the reasonable services provided by W-S Rehab.

4. [W-S Rehab] is estopped to request further compensation after accepting the $50,0000 payment as a full accord and satisfaction of the claim or potential claim for unpaid medical services. . . .

Thus, in the award portion of the Opinion and Award, the Commission stated: "Defendants are not responsible for payment of any additional monies to W-S Rehab for the care of decedent . . . ."

Although the Commission ruled in favor of defendants on the merits of the case primarily on the ground of accord and satisfaction between defendants and W-S Rehab, the dispositive issue before us on appeal is whether plaintiff even has standing to assert the non-payment of medical expenses by decedent's employer to a third-party provider.

If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim. *See Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 113, 574 S.E.2d 48, 51 (2002); *see also Henke v. First Colony Builders, Inc.*, 126 N.C. App. 703, 704, 486 S.E.2d 431, 432 (1997) (stating in a workers' compensation case, "[t]his Court may *ex mero motu* dismiss an appeal for lack of subject matter jurisdiction, even if it is not raised by the parties on appeal"). Standing consists of three main elements:

> "(1) 'injury in fact'—an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*Neuse River Found.*, 155 N.C. App. at 114, 574 S.E.2d at 52 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 119 L. Ed. 2d 351, 364 (1992)). The issue of standing generally turns on whether a party has suffered injury in fact. *See id.*

In this case, plaintiff has made no showing that injury in fact has resulted or will result if defendants are not required to pay W-S Rehab the full $160,000.00. First of all, there is no outstanding debt to W-S Rehab to be collected as evidenced by W-S Rehab's own correspondence. Further, even if there was an outstanding debt, W-S Rehab is barred by law from attempting to collect any such debt from plaintiff. *See* N.C. Gen. Stat. § 97-88.3(c) (2003) (class 1 misdemeanor for a healthcare provider to knowingly hold an employee responsible for medical expenses incurred as a result of a compensable injury); *see also* N.C. Gen. Stat. § 97-90(e) (2003) (a health care provider shall not pursue a private claim against an employee for costs of treatment unless claim is adjudicated not compensable). In

addition, the sole and exclusive remedy for a healthcare provider seeking payment from an employer in a compensable claim is to apply for relief from the Commission. *See Palmer v. Jackson*, 157 N.C. App. 625, 634-35, 579 S.E.2d 901, 908 (2003), *disc. review improvidently allowed*, 358 N.C. 373, 595 S.E.2d 145 (2004). No such application was made in this case.

Nonetheless, plaintiff asserts it has suffered an injury in fact because it must protect its relationship with the medical provider by ensuring bills are fully paid. Plaintiff contends it is highly unlikely that a medical provider would be willing to continue providing treatment when its bills are compromised or not paid at all. To constitute an injury in fact, the invasion of a legally protected interest can not be conjectural or hypothetical. *See Neuse River Found.*, 155 N.C. App. at 114, 574 S.E.2d at 52. Plaintiff's assertion that it would be highly unlikely a medical provider would be willing to continue providing treatment when its bills are compromised or not paid at all is conjecture or hypothetical. Furthermore, in this case, the Commission found decedent received appropriate care and that his care was not improperly limited.

Plaintiff also contends it has suffered an injury in fact because it has a pecuniary interest in the payment of interest on medical compensation under N.C. Gen. Stat. § 97-86.2. However, under N.C. Gen. Stat. § 97-86.2, plaintiff would be entitled to interest on medical compensation only where there is an appeal resulting in an ultimate award to the employee. The possibility of a favorable decision on appeal is not an invasion of a legally protected interest that is either concrete and particularized, or actual or imminent. *See Neuse River Found.*, 155 N.C. App. at 114, 574 S.E.2d at 52.

Next, plaintiff asserts it has a pecuniary interest in awards of attorney fees granted under N.C. Gen. Stat. §§ 97-88.1 and 97-88. Under N.C. Gen. Stat. §§ 97-88 and 97-88.1, an award of attorney's fees is a discretionary decision made by the Commission. *See Taylor v. J. P. Stevens Co.*, 307 N.C. 392, 397, 298 S.E.2d 681, 684 (1983). Similar to plaintiff's assertions regarding interest on medical compensation, the possibility of an attorney's fees award is not an invasion of a legally protected interest that is concrete and particularized, or actual or imminent. *See Neuse River Found.*, 155 N.C. App. at 114, 574 S.E.2d at 52.

Plaintiff also argues the cases of *Hyler v. GTE Products Co.*, 333 N.C. 258, 425 S.E.2d 698 (1993) and *Pearson v. C.P. Buckner Steel*

*Erection Co.*, 348 N.C. 239, 498 S.E.2d 818 (1998) confer standing to plaintiff. Plaintiff cites the following language from *Hyler*:

> [W]e conclude that the legislature always has provided for, and continues to provide for, two distinct components of an award under the Workers' Compensation Act: (1) payment for the cost of medical care, now denominated "medical compensation," which consists of payment of the employee's medical expenses incurred as a result of a job-related injury; and (2) general "compensation" for financial loss other than medical expenses, which includes payment to compensate for an employee's lost earning capacity and payment of funeral expenses.

*Hyler*, 333 N.C. at 267, 425 S.E.2d at 704. This language in *Hyler* does not confer standing upon plaintiff. Rather, our Supreme Court was explaining a claimant may seek two types of compensation under our workers' compensation statute—medical compensation for medical expenses and general compensation for financial loss. Nothing in our opinion today precludes a claimant from pursuing a "medical only" claim.

Similarly, *Pearson v. C.P. Buckner*, does not confer standing upon plaintiff. In *Pearson*, our Supreme Court considered the issue of

> whether an employer who denies liability but is ordered to pay medical expenses under the Workers' Compensation Act (Act) may fulfill this obligation by merely reimbursing Medicaid where Medicaid has paid medical providers a portion of the cost of treatment or whether the employer must also pay medical providers the difference between the amount covered by Medicaid and the full amount authorized by the Act under the Industrial Commission (Commission) fee schedule for medical expenses.

*Pearson*, 348 N.C. at 240, 498 S.E.2d at 819. Thus, in *Pearson*, our Supreme Court had to consider whether the federal Medicaid statutes and regulations preempted North Carolina's Workers' Compensation Act. *Id.* at 243-47, 498 S.E.2d at 820-23. The issue before us in this case is whether a workers' compensation claimant has standing to challenge a compromise and settlement agreement entered into by an employer and a medical provider. In *Pearson*, our Supreme Court did not discuss standing, compromise and settlement agreements, or the issue presented by this case.

ESTATE OF APPLE v. COMMERCIAL COURIER EXPRESS, INC.

[168 N.C. App. 175 (2005)]

As such, we conclude plaintiff does not have standing to bring a claim for past due medical expenses owed to a third-party medical provider by an employer in a compensable workers' compensation claim where (1) the employer has admitted compensability, (2) the employer and medical provider entered into an accord and satisfaction, (3) the medical provider has made no claim for relief before the Commission, and (4) plaintiff has made no showing that the failure to make payment results in injury in fact.[1] Furthermore, our holding today does not preclude a workers' compensation claimant from pursuing a medical only compensation claim when the claim is disputed or contested and there has not been an intervention of a medical provider in the lawsuit.[2] Accordingly, the portion of the Opinion and Award of the Commission addressing this issue, as contained in paragraphs 3 and 4 of the Commission's conclusions of law and paragraph 3 of the award, must be vacated.[3]

Finally, as we have concluded plaintiff does not have standing to contest the compromise and settlement agreement between defend-

---

1. To the extent that plaintiff impliedly asserts in this appeal that defendants' failure to make full payment led to a reduction in the standard of care provided by W-S Rehab to Apple, plaintiff's recourse was not to force payment by defendants, but was instead under N.C. Gen. Stat. § 97-25, which provides that "[t]he Commission may at any time upon the request of an employee order a change of treatment and designate other treatment suggested by the injured employee subject to the approval of the Commission, and in such a case the expense thereof shall be borne by the employer . . . ." N.C. Gen. Stat. § 97-25 (2003). Furthermore, if plaintiff believed the care given to Apple by W-S Rehab was legally substandard, the proper remedy would have been to pursue a potential tort action against W-S Rehab outside of the workers' compensation regime.

2. Plaintiff argued in its petition for rehearing that our decision could result in the dismissal of more than 100,000 current workers' compensation cases. Plaintiff also explained that for seventy-five years it had been the practice of the Industrial Commission to view the injured party plaintiff as a real party at interest having standing to bring "medical only" claims. Indeed, in the last Biennial Report of the North Carolina Industrial Commission, covering 1988-89 and 1989-90, the number of reported "medical only" cases involving medical compensation of $1,000.00 or less was 143,040 for 1988-89 and 120,407 for 1989-90. While we acknowledge that a substantial number of cases before the Industrial Commission involve "medical only" claims, we reiterate that our holding today does not impact these cases. As we stated, a workers' compensation claimant in a contested case has standing to pursue a "medical only" claim. However, in those instances where the medical provider and the insurance carrier or employer have agreed to a compromise and settlement of the claim, plaintiff lacks standing to pursue that medical claim. In those instances, the medical provider is precluded from seeking redress against the claimant.

3. We note the remaining issues dealt with by the Commission regarding indemnity compensation to plaintiff are not before us on appeal and thus, this decision does not address the remaining portion of the Commission's Opinion and Award.

**ESTATE OF APPLE v. COMMERCIAL COURIER EXPRESS, INC.**

[168 N.C. App. 175 (2005)]

ants and the medical provider, we do not reach the issue of whether the Commission had to approve the settlement agreement under the facts of this case.

Vacated in part.

Judge WYNN concurs.

Judge TYSON concurs in the result only in a separate opinion.

TYSON, Judge concurring in the result only.

I agree with this Court's reasoning in our first opinion, *Estate of Worth Apple v. Commercial Courier Express, Inc.*, 165 N.C. App. 530, 598 S.E.2d 623 (2004) (*"Apple I"*).

As stated in *Apple I* and restated above in the majority's opinion, the issue before this Court is whether plaintiff has standing to assert the non-payment of medical expenses by Apple's employer to a third-party provider. In *Apple I*, we held:

> plaintiff has no standing to bring a claim for past due medical expenses owed to a third-party medical provider by an employer in a compensable workers' compensation claim where[:] (1) the medical provider has made no claim for relief before the Commission[;] and (2) plaintiff has made no showing that the failure to make payment results in injury in fact.

*Id.* at 532, 598 S.E.2d at 625.

Our reasoning and analysis was sufficiently set forth in *Apple I*. Defendant raised the issue of plaintiff's standing in its brief. Plaintiff had the opportunity, but failed, to file a reply brief. *See* N.C.R. App. P. 28(h) (2004). Plaintiff demonstrated no need to address arguments not originally raised on appeal. I concur only in the result reached in the majority's opinion on rehearing and adhere to the reasoning set forth in our first opinion.