* * * * * * * * * * *
Upon review of the competent evidence of record with reference to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence or to rehear the parties or their representatives, the Full Commission affirms the Opinion and Award of the Deputy Commissioner with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as: *Page 2 
 STIPULATIONS
1. The parties agree that the decision in Plaintiff's claim for death benefits may be decided without need of the initial hearing to take live testimony or depositions and may be decided based upon the Pre-Trial Agreement and the matters incorporated by reference, including the identified exhibits.
2. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. An employee-employer relationship existed between the Employee Russell Zobel and the Defendant at all times relevant hereto.
4. Duke Power is Self-Insured with Specialty Risk Services as the Servicing Agent on the risk.
5. By January 20, 1999, Employee Russell Zobel was diagnosed with multiple myeloma of the body due to chemical exposure and Employee-Plaintiff's claim for occupational disease was accepted as compensable on a Form 60, which was filed by Defendants on April 21, 1999.
6. The compensable occupational disease, multiple myeloma, resulted in Russell Zobel's death on May 29, 2005.
7. Decedent Employee's average weekly wage was $925.60 per week.
8. The Employee last worked for the Defendant-Employer on January 20, 1999.
9. The attached affidavit of Sheri Leigh Zobel Rodriguez, oldest of two children of Russell C. and Sheryl Geddings Zobel may be received into evidence without the need for further authentication or verification. (Exhibit No. 12). *Page 3 
10. The attached affidavit of Danny Bristow Zobel, youngest of two children of Russell C. and Sheryl Geddings Zobel may be received into evidence without the need for further authentication or verification. (Exhibit No. 13).
11. The attached affidavit of Sheryl Zobel, wife of Russell C. Zobel, may be received into evidence without the need for further authentication or verification. (Exhibit 14).
12. As a result of his death, Sheryl Zobel incurred burial expenses for Russell Zobel exceeding the $3,500.00 maximum reimbursement under the Act.
13. Sheryl Zobel filed her claim with the Industrial Commission for death benefits as a result of the death of her husband on February 8, 2006.
 * * * * * * * * * * * EXHIBITS
The following exhibits were admitted into evidence by stipulation:
1. Form 18, Notice of Accident to Employer and Claim of Employee or Personal Representative or Dependents (I.C. File No. 591045)
2. Form 28B Report of Employer of Carrier of Compensation and Medical Compensation Paid and Notice of Right to Additional Medical Compensation.
3. Form 61 Denial of Workers' Compensation Claim (I.C. File No. 591045).
4. Form 33 Request that Claim Be Assigned for Hearing (I.C. File No. 591045).
5. Form 33R, Response to Request that Claim be Assigned for Hearing (I.C. File No. 591045).
6. Certificate of Death.
7. Entire Record in I.C. File No. 920214, including, but not limited to, pleadings, transcripts, Pre-Trial Agreement, Exhibits, Opinion 
Award. *Page 4 
8. Form 60, Employer's Admission of Employee's Right to Compensation Pursuant to N.C. Gen. Stat. § 97-18(b) (I.C. File No. 920214).
9. Medical Records of Dr. William Mitchell, Oncologist, Charlotte, N.C.
10. Receipts for actual burial expenses incurred by Sheryl Zobel.
11. Administrative Order by Executive Secretary Tracey Weaver consolidating I.C. File No. 920214 I.C. File No. 591045 for administrative and hearing purposes.
12. Affidavit of Sheri Leigh Zobel Rodriguez.
13. Affidavit of Danny Bristow Zobel.
14. Affidavit of Sheryl Zobel.
15. Birth Certificate of Sheri Leigh Zobel Rodriguez.
16. Birth Certificate of Danny Bristow Zobel.
17. Marriage License of Russell C. and Sheryl Zobel.
 * * * * * * * * * * * ISSUES
The issues to be determined are: (1) does Defendant owe death and burial benefits under the Workers' Compensation Act as a result of the death of Russell Zobel; (2) is Plaintiff entitled to have Defendant taxed with her attorney fees pursuant to N.C. Gen. Stat. § 97-88.1, for defending the claim without reasonable grounds; (3) is Plaintiff entitled to death benefits, pursuant to N.C. Gen. Stat. § 97-38; and (4) to what benefits, if any, is Plaintiff entitled under N.C. Gen Stat. § 97-1, et seq.?
 * * * * * * * * * * *
Based on the foregoing Stipulations and the evidence presented, the Full Commission makes the following: *Page 5 
 FINDINGS OF FACT
1. The parties have agreed by stipulation that decedent, Russell Zobel, suffered from a compensable occupational disease, multiple myeloma, from exposure to chemicals arising out of and in the course of his employment with Duke Power and that his compensable multiple myeloma resulted in Russell Zobel's death on May 29, 2005.
2. This matter is a consolidation of two separate claims. In I.C. File No. 920214, Russell Zobel filed a claim for disability for multiple myeloma and Defendant admitted compensability on a Form 60 Agreement. In I.C. File No. 591045, Sheryl Zobel, widow of Russell Zobel, filed a claim for death benefits due to Russell Zobel's death resulting from his multiple myeloma.
3. By January 1999, the decedent, Russell Zobel, developed multiple myeloma resulting from exposure to chemicals, arising out of and in the course of his employment with Defendant.
4. From January 20, 1999 until his death on May 29, 2005, Defendant continuously paid weekly workers' compensation payments to Russell Zobel for temporary total disability under an Industrial Commission Form 60 Agreement filed April 21, 1999, admitting compensability for the multiple myeloma.
5. The compensable occupational disease, multiple myeloma, resulted in Russell Zobel's death on May 29, 2005.
6. The primary issue for determination is whether Russell Zobel died within six years of his injury by accident or within two years of a final determination of his disability claim as required by N.C. Gen. Stat. § 97-38, to establish a compensable claim for death benefits. *Page 6 
7. On February 8, 2006, Sheryl Zobel filed a claim for death benefits as a result of the death of her husband from occupational multiple myeloma. The statute that applies in this case provides as follows:
 If death results proximately from a compensable injury or occupational disease and within six years thereafter, or within two years of the final determination of disability, whichever is later, the employer shall pay or cause to be paid, subject to the provisions of other sections of this Article, weekly payments of compensation equal to sixty-six and two-thirds percent (66 2/3 %) of the average weekly wages of the deceased employee at the time of the accident. . . .
N.C. Gen. Stat. § 97-38.
8. Russell Zobel died more than six years after his "disablement" from occupational multiple myeloma, so the six-year provision of the statute would not apply. Therefore, the determinative issue would be whether decedent died with two years of the "final" determination of disability. Since the only determination of disability was Defendant's admission of compensability for multiple myeloma on a Form 60 Agreement, there was no final determination of disability. Defendant's contention that the Industrial Commission implicitly approved the Form 60 Agreement by issuing allegedly final orders in 2002 addressing medical treatment for Plaintiff is unpersuasive. Defendant's contention that Plaintiff is estopped from denying that the Industrial Commission has made a final determination of disability more than two years prior to the death of Russell Zobel because decedent never challenged the amount of disability compensation he received pursuant to the Form 60 Agreement is also unpersuasive. Defendant was aware that the Industrial Commission had never made a final determination of what disability resulted from Russell Zobel's compensable occupational multiple myeloma, but never requested a final determination of disability during Russell Zobel's life. *Page 7 
9. Since decedent's death from his compensable occupational disease occurred before the final determination of disability was made, his death from his compensable occupational disease occurred "within two years of the final determination of disability." Defendant did not have a good faith defense of Plaintiff's death claim.
10. On May 29, 2005, Sheryl Zobel, widow of Russell Zobel, was wholly dependent upon decedent Russell Zobel. There were no other individuals wholly or partially dependent upon decedent for support at that time.
11. Sheryl Zobel incurred funeral expenses in an amount in excess of $3,500.00 for the burial of decedent.
12. Defendant has defended against Sheryl Zobel's claim for death benefits without reasonable grounds and sanctions under N.C. Gen. Stat. § 97-88.1 are appropriate.
 * * * * * * * * * * *
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission concludes the following:
 CONCLUSIONS OF LAW
1. On May 29, 2005, Russell Zobel died as a proximate result of a compensable occupational disease, multiple myeloma, so as to give rise to a compensable death claim. N.C. Gen. Stat. §§ 97-53(13); 97-38 etseq.
2. N.C. Gen. Stat. § 97-38 provides:
 If death results proximately from a compensable injury or occupational disease and within six years thereafter, or within two years of the final determination of disability, whichever is later, the employer shall pay or cause to be paid, subject to the provisions of other sections of this Article, weekly payments of compensation equal to sixty-six and two-thirds percent (66 2/3 %) of the average weekly wages of the deceased employee at the time of the accident. . . . *Page 8 
N.C. Gen. Stat. § 97-38. Plaintiff was paid temporary total disability pursuant to a Form 60 until his death.
3. At the time of Russell Zobel's death no final determination of disability had been made. A Form 60 Agreement is not a final determination of disability under N.C. Gen. Stat. § 97-38; Perez v.American Airlines, 174 N.C. App. 128, 620 S.E.2d 288 (2005), disc.review improvidently allowed, 360 N.C. 587, 634 S.E.2d 887 (2006),Apple v. Commercial Courier Express, 165 N.C. App 514, 598 S.E.2d 625
(2004).
4. Plaintiff is the sole dependent entitled to receive the benefits for this compensable death claim. N.C. Gen. Stat. § 97-39.
5. Plaintiff is entitled to receive funeral expenses not to exceed $3,500.00 pursuant to the provisions of N.C. Gen. Stat. § 97-38.
6. Plaintiff is entitled to attorney fees for Defendant's defense of this claim without reasonable grounds. N.C. Gen. Stat. § 97-88.1.
 * * * * * * * * * * *
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay Plaintiff death benefits for 400 weeks beginning May 29, 2005. Those amounts that have accrued shall be payable in a lump sum.
2. Defendant shall pay Plaintiff $3,500.00 as reimbursement for funeral expenses for the death of Russell Zobel.
3. Defendant shall pay to Plaintiff's counsel without deduction from the amount due Plaintiff, twenty-five percent (25%) of the accrued compensation due Plaintiff and twenty-five percent (25%) of the future compensation due Plaintiff. This attorney fee is taxed as costs to Defendant pursuant to N.C. Gen. Stat. § 97-88.1.
4. Defendant shall pay the costs.
This the __ day of April 2007.
 S/____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/____________________ CHRISTOPHER SCOTT COMMISSIONER
 S/____________________ LAURA K. MAVRETIC COMMISSIONER *Page 1