***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties. The appealing party has good grounds to reconsider the evidence. Accordingly, the Full Commission reverses the Opinion and Award of Deputy Commissioner Gheen.
 *********** ISSUES
1. Whether the parties in a workers' compensation action may negotiate a settlement agreement that provides for a final determination of disability date that potentially affects the rights of beneficiaries of death benefits under N.C. Gen. Stat. § 97-38 where the beneficiaries are *Page 2 
not parties to the decedent's workers' compensation claim and are not in privity to the parties negotiating the settlement agreement.
2. Whether the provisions for the filing of a claim pursuant to N.C. Gen. Stat. § 97-38 are constitutional.
3. What benefits are Plaintiffs entitled to, if any, pursuant to N.C. Gen. Stat. § 97-38?
 ***********
The Full Commission finds as fact and concludes as matters of law the following stipulations of the parties:
 STIPULATIONS
1. Plaintiff-Decedent, Dennis H. Barber, Sr., was employed by Defendant-Employer Weyerhaeuser Company at its facility in Plymouth, North Carolina from 1953 to 1974.
2. Weyerhaeuser was self-insured during the time of Plaintiff-Decedent's employment with Weyerhaeuser.
3. Plaintiff-Decedent was last injuriously exposed to asbestos during his employment with Weyerhaeuser, and Plaintiff-Decedent was exposed to asbestos for thirty days within a seven month period, as required by N.C. Gen. Stat. § 97-57.
4. All parties have been correctly designated and that there is no question as to the misjoinder of parties.
5. The parties are subject to the North Carolina Workers' Compensation Act, Weyerhaeuser employing the requisite number of employees to be bound under the provisions of said Act.
6. Plaintiff-Decedent previously filed a workers' compensation claim for the occupational diseases of asbestosis and asbestos-related laryngeal cancer against Weyerhaeuser. *Page 3 
7. Weyerhaeuser denied compensability of those claims.
8. The parties stipulate that Plaintiff-Decedent and Weyerhaeuser reached a Settlement Agreement in this claim on October 27, 1999 resolving the issues in dispute at the time. This settlement agreement was approved by the Industrial Commission pursuant to the Order dated November 1, 1999.
9. The agreement was voluntary and there was not a hearing before the Industrial Commission or an Opinion and Award or any other ruling from the Industrial Commission prior to this voluntary settlement.
10. Plaintiff-Decedent died as a result of his asbestosis on January 4, 2009 and the compensation rate is $537.80 as is set out in the Agreement. It is further stipulated that asbestosis was either the cause of or significant contributing factor of Plaintiff-Decedent's death.
11. At the time of his death, Plaintiff-Decedent was survived by his daughters, Sheila Barber Coffey and Patricia Barber Manning and sons, Harvey Barber and Dennis Hubert Barber, Jr. The parties stipulate that Barber was not married at the time of his death and that Plaintiffs are the correct beneficiaries pursuant to the Act.
12. No lay witnesses are needed to testify regarding the limited issues as outlined by the parties above.
 *********** EXHIBITS
By stipulation of the parties the following documents were admitted into evidence as:
1. Stipulated Exhibit #1: Barber's Form 18B and attached Medical records;
2. Stipulated Exhibit #2: All Forms submitted to the Industrial Commission;
3. Stipulated Exhibit #3: Barber's Death Certificate and Letters of Administration; *Page 4 
4. Stipulated Exhibit #4: Medical Records from the following physicians:
 a. Steven Skahill, MD
 b. Carter J.H. Childs, MD
 c. Martin General Hospital; and
5. Stipulated Exhibit #5: Agreement of Settlement dated October 27, 1999 and Order of approval dated November 1, 1999.
 ***********
Based upon all of the competent credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff-Decedent worked for Defendant at its facility in Plymouth, North Carolina from 1953 to 1974. During that time period, Plaintiff-Decedent was exposed to asbestos while working for Defendant.
2. Plaintiff-Decedent was last injuriously exposed to asbestos during his employment with Defendant and was exposed to asbestos for thirty days within a seven month period as required by N.C. Gen. Stat. § 97-57.
3. Plaintiff-Decedent filed a workers' compensation claim for the occupational diseases of asbestosis and asbestos-related laryngeal cancer against Defendant on July 30, 1999. Defendant denied compensability of those claims.
4. On October 27, 1999, the parties reached an Agreement of Settlement (hereinafter the "Agreement") resolving the issues in dispute at the time, including the issues of permanent and total disability. The Agreement was approved by the Industrial Commission on November 1, 1999 and the Order approving the Agreement was not appealed. *Page 5 
5. Pursuant to the Order approving the Agreement, Plaintiff-Decedent received $101,699.86 in full and final settlement of all past compensation due to plaintiff for his workers' compensation claims. Additionally, Plaintiff-Decedent was awarded a weekly compensation benefit for total and permanent disability in the amount of $537.80 for his lifetime. Further, Plaintiff-Decedent was awarded annual payments of $800.00 for reimbursement for sums spent for yard maintenance and $650.00 annually for sums related to household maintenance.
6. On January 4, 2009, Plaintiff-Decedent died as a result of his asbestosis. At the time of his death, Plaintiff-Decedent was survived by his daughters, Sheila Barber Coffey and Patricia Barber Manning and sons, Harvey Barber and Dennis Hubert Barber, Jr. (hereinafter the "Plaintiffs").
7. Plaintiffs filed a Form 18B on April 13, 2009 seeking death benefits. Defendant denied Plaintiffs' claim via a Form 61 filed on May 4, 2009 and later amended the Form 61 on May 20, 2009, contending that Plaintiffs' death claim is barred by N.C. Gen. Stat. § 97-38.
8. Plaintiff-Decedent was diagnosed with asbestosis on May 30, 1997 and laryngeal cancer on April 28, 1998. Pursuant to the November 1, 1999 Industrial Commission Order, Plaintiff-Decedent received disability benefits starting January 1, 1998. Plaintiff-Decedent's date of disability was at the latest April 28, 1998. Plaintiff-Decedent's death on January 4, 2009 was more than six years after Plaintiff's date of disability.
9. The Industrial Commission made a final determination of disability when it approved the parties' Settlement Agreement on November 1, 1999. Neither party appealed the Industrial Commission's Order approving the Settlement Agreement.
10. Plaintiff-Decedent's death on January 4, 2009 occurred more than two years after the final determination of disability on November 1, 1999. *Page 6 
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Asbestosis is an occupational disease under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-53(24). If death results proximately from an occupational disease and occurs within six years thereafter, or within two years of the final determination of disability, whichever is later, the employer shall pay appropriate benefits to recipients as defined by the Act. N.C. Gen. Stat. § 97-38.
2. In occupational disease cases, the date relevant for purposes of the six year statute of limitations under N.C. Gen. Stat. § 97-38 is the date of disability rather than the date of injury. Kelly v. Duke Univ.,190 N.C. App. 733, 738, 661 S.E.2d 745, 748 (2008).
3. For purposes of the two year statute of limitations following a final determination of disability, there is a final determination of disability when the Industrial Commission determines that an employee is permanently and totally disabled. See Apple v. Commercial CourierExpress, Inc., 165 N.C. App. 514, 598 S.E.2d 625 (2004).
4. A written agreement between an employee and employer which is approved by the Industrial Commission constitutes an opinion and award of the Commission and is binding against future determinations of disability and compensation. N.C. Gen. Stat. §§ 97-17 and 97-82;Pruitt v. Knight Publishing Co.,289 N.C. 254, 258, 221 S.E.2d 355, 358 (1976) ("The Commission's approval of settlement agreements is as conclusive as if made upon a determination of facts in an adversarial proceeding.");Brodcover v. Borden, Inc., 100 N.C. App. 754, *Page 7 398 S.E. 2d 604 (1990). An agreement for payment of compensation approved by the Industrial Commission is an award of the Industrial Commission. N.C.I.C. Rule 503.
5. Plaintiff-Decedent's date of disability for purposes of N.C. Gen. Stat. § 97-38 occurred by at least April 28, 1998.
6. The Industrial Commission's November 1, 1999 Order of Approval of the Agreement resolving issues of permanent and total disability constituted a final determination of disability for purposes of N.C. Gen. Stat. § 97-38.
7. Plaintiffs are time barred from pursuing death benefits pursuant to N.C. Gen. Stat. § 97-38 as Plaintiff-Decedent's death on January 4, 2009 occurred more than six years after Plaintiff-Decedent's date of disability on or before April 28, 1998 and more than two years after the Industrial Commission's final determination of disability on November 1, 1999.
8. The Industrial Commission has no authority to determine the constitutionality of N.C. Gen. Stat. § 97-38. Carolinas Med. Center v.Employers and Carriers Listed in Exhibit A,172 N.C. App. 549, 616 S.E.2d 588 (2005).
 ***********
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law the Full Commission enters the following:
 AWARD
1. Plaintiffs have failed to show that their claim for death benefits was timely filed under N.C. Gen. Stat. § 97-38. Therefore, Plaintiffs' request for death benefits is hereby DENIED.
2. Each side shall bear its own costs.
This the 16th day of February, 2011.
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING
 S/___________________ BERNADINE S. BALANCE COMMISSIONER
 S/___________________ DANNY LEE McDONALD COMMISSIONERz *Page 1