Joyner v. J. P. Stevens and Co.

Vacated and remanded.

Judges WEBB and HILL concur.

---

WILLIE MAE JOYNER, WIDOW OF JESSE JOYNER, DECEASED, EMPLOYEE, PLAINTIFF v. J. P. STEVENS AND COMPANY, EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8410IC343

(Filed 4 December 1984)

Master and Servant § 55.1— workers' compensation—death from occupational disease—time of "accident"

An employee's "accident" leading to his death from chronic obstructive lung disease occurred, for the purposes of compensation under G.S. 97-38, when the employee's permanent partial disability due to chronic obstructive lung disease began rather than on the date he became totally disabled, and plaintiff's claim for death benefits under G.S. 97-38 was barred where the employee died over six years after his "accident."

APPEAL by defendants from an opinion and award of the Industrial Commission filed 3 November 1983. Heard in the Court of Appeals 29 November 1984.

The evidence and findings establish the following uncontroverted facts: On 4 June 1980 the Industrial Commission found that deceased employee Jesse Joyner had contracted chronic obstructive lung disease due to his occupational exposure to cotton dust while employed by defendant J. P. Stevens (hereinafter defendant). The Commission made an award of compensation for permanent partial disability pursuant to G.S. 97-30 for a period beginning 23 December 1975 and not to exceed 300 weeks. Joyner became totally disabled on 10 October 1980, and died as a result of his occupational disease on 19 March 1982. Plaintiff, who is the deceased employee's widow, applied for death benefits under G.S. 97-38.

The Commission found and concluded that the date of the "accident" leading to death was, for purposes of compensation under G.S. 97-38, 10 October 1980, the date when the deceased employee's total disability began. On the basis of the foregoing

conclusion, the Commission awarded plaintiff benefits in accordance with G.S. 97-38. Defendants appealed.

*Charles R. Hassell, Jr., for plaintiff, appellee.*

*Maupin, Taylor & Ellis, P.A., by David V. Brooks, for defendants, appellants.*

HEDRICK, Judge.

This appeal raises the single question of whether plaintiff is entitled to benefits pursuant to G.S. 97-38, which in pertinent part provides: "If death results proximately from the accident and within two years thereafter, or while total disability still continues and within six years after the accident, the employer shall pay . . . compensation. . . ." Resolution of this question depends upon when the "accident" occurred that ultimately caused the deceased employee's death.

Because occupational diseases usually develop over a prolonged period of exposure to hazardous conditions rather than from a single event, G.S. 97-52 defines "accident" as "[d]isablement or death of an employee resulting from an occupational disease. . . ." *See Booker v. Medical Center,* 297 N.C. 458, 482-83, 256 S.E. 2d 189, 204-05 (1979). G.S. 97-54 provides that "disablement" is equivalent to "disability" as defined in G.S. 97-2(9), which is "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." Thus an "accident" within the meaning of G.S. 97-38 occurred when the deceased employee's disability due to chronic obstructive lung disease began.

Plaintiff contends that her husband's decline from partial disability to total disability status on 10 October 1980 constituted an "accident" within the meaning of G.S. 97-38, as the Commission concluded. His 19 March 1982 death therefore would have occurred within two years of the accident, entitling her to G.S. 97-38 benefits. Plaintiff notes that the policy of liberally construing workers' compensation statutes to allow coverage supports her contention.

We nonetheless believe the deceased employee's "accident" occurred on 23 December 1975. That is the date he officially lost

wage earning capacity due to his occupational disease and became disabled. Clearly, he suffered an "accident" on that date. G.S. 97-38 contemplates only one accident leading to death when it states "the accident." Death benefits accrue only if death occurs within the maximum statutorily set time after "the accident." It would defy legislative intent to hold that subsequent changes in disability status arising from the same occupational disease created new "accidents," thereby renewing the time limit for claiming G.S. 97-38 benefits.

As defendants contend, the rule limiting occupational disease victims to a single claim for purposes of the statute of limitations in G.S. 97-58(c) applies by analogy to allow occupational disease victims to claim only one "accident" under G.S. 97-38. In rejecting a claimant's argument that the limitations period began to run from the time when his disability status changed from partial to total, the Supreme Court stated,

> We did not in any way indicate in *Taylor* [*v. Stevens & Co.*, 300 N.C. 94, 265 S.E. 2d 144 (1980)] that only total and permanent disability would trigger the running of the two year period or that a separate, independent and additional two year period would commence under the statute if the employee's disability from the occupational disease evolved from permanent partial disability into permanent total disability.

*Dowdy v. Fieldcrest Mills*, 308 N.C. 701, 714, 304 S.E. 2d 215, 223 (1983). Thus the onset of plaintiff's husband's disability on 23 December 1975 was the only "accident" from which the G.S. 97-38 time limits for benefits ran. Because plaintiff's husband died in 1982, over six years after his "accident" within the meaning of G.S. 97-38, plaintiff's claim for benefits under G.S. 97-38 is barred.

Our holding is a harsh but necessary result of the statutory scheme.

> We recognize that application of G.S. 97-38 may sometimes have the effect of barring an otherwise valid and provable claim simply because the employee did not die within the requisite period of time. . . . The remedy for any inequities arising from the statute, however, lies not with the courts but with the legislature.

*Booker, supra,* 297 N.C. at 483-84, 256 S.E. 2d at 205. The legislature has amended G.S. 97-38 to cover occupational disease deaths where the employee had total disability and died within two years of the final determination of his total disability. This amendment became effective on 15 July 1983 and is of no avail to plaintiff since her claim is controlled by the version of G.S. 97-38 in force at the time of her husband's death. 1983 N.C. Sess. Laws, ch. 772, s. 2.

Reversed and remanded.

Judges WEBB and HILL concur.