JOSEPH RUGGERY, Employee, Plaintiff v. NORTH CAROLINA DEPARTMENT OF CORRECTION, Employer, SELF-INSURED, Defendant

No. COA98-1289

(Filed 19 October 1999)

1. **Workers' Compensation— attorney fees—unreasonable defense**

The Industrial Commission did not err by awarding an attorney's fee of $500 under N.C.G.S. § 97-88.1 for defending a case without reasonable ground where, in light of the circumstances, the employee received the Commission's approval for medical treatment by physicians of the employee's choosing within a reasonable time and the failure to obtain authorization prior to receiving treatment from these doctors did not provide the employer with reasonable ground to defend.

2. **Workers' Compensation— attorney fees—correction officer—costs**

The Industrial Commission did not abuse its discretion by awarding attorney's fees as part of the costs of appeal to an injured correctional officer where the employer argued that the claim was under N.C.G.S. § 143-166.19 rather than Chapter 97. N.C.G.S. § 143-166.19 provides that the Commission shall hear the matter in accordance with its procedure for hearing claims under the Workers' Compensation Act.

---

**RUGGERY v. N.C. DEP'T OF CORRECTION**

[135 N.C. App. 270 (1999)]

3. **Workers' Compensation— attorney fees—correction officer—salary continuation**

The Industrial Commission did not improperly award attorney's fees for a "salary continuation" claim by a correctional officer. The claim was not properly characterized "salary continuation" when the employee's vacation and sick leave time accumulations were charged by the employer for time out from work due to the employee's injury related disability. The employer offered no justification for charging the employee's vacation and sick time for treatment of his compensable injury.

Appeal by defendant from an Opinion and Award entered 27 July 1998 by Commissioner Bernadine S. Ballance for the Full Industrial Commission. Heard in the Court of Appeals 17 August 1999.

*Lucas, Bryant & Denning, P.A., by Sarah Edwards Mills, for plaintiff-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General William H. Borden, for defendant-appellant.*

TIMMONS-GOODSON, Judge.

The North Carolina Department of Correction ("employer") appeals from the Opinion and Award of the North Carolina Industrial Commission ("Commission") requiring it to restore to the sick and vacation leave accounts of Joseph Ruggery ("employee") time charged to said accounts and to reimburse him for medical payments he may have made for treatment of his compensable injury. In addition, employer was ordered to pay an attorney's fee of five hundred (500) dollars to employee's counsel pursuant to North Carolina General Statutes section 97-88.1 for defending the claim without reasonable grounds and an attorney's fee pursuant to North Carolina General Statutes section 97-88 of one thousand (1000) dollars to employee's counsel as part of the cost of appeal.

On 12 March 1995, employee, a state correctional officer, suffered an injury arising out of and in the course of his employment with employer when employee lost control of a heavy metal trap door he was closing. The trap door jerked employee's arms and back, causing stretched nerves and radiculopathy. Employer conceded that the injuries were compensable under the Workers' Compensation Act.

As a correctional officer, employee was entitled to full salary for his disability for up to two years. Since 12 March 1995, employer continued to pay employee his full salary and also paid employee for some periods of injury leave and salary continuation even though employee was unable to work during those periods as a result of his injuries. However, employee claimed compensation for other periods of time out of work due to his injuries during which employer deducted from his accumulated vacation and sick time. Employee's vacation time and sick leave time accumulations were charged by employer for time out of work due to employee's injury related disabilities on the following dates: May 8, 1995; May 9, 1995; August 24, 1995; August 28, 1995 through September 11, 1995; September 12, 1995 through October 8, 1995; October 15, 1995; October 16, 1995; and October 23, 1995 through October 29, 1995.

Following his work related injuries, employee requested to be placed in the care of Dr. Jeffrey Siegel, a neurologist. Dr. Siegel treated employee from 12 May 1995 to 11 August 1995 at employer's expense. Dr. Siegel released employee to return to work with the restriction that he engage in no excessive physical activity. Employee worked from 14 August to 23 August 1995, but took sick leave on 24 August 1995.

On 25 August 1995, Dr. Siegel determined that employee was not significantly impaired and that his job functions should not be restricted. Employee worked on 25 August 1995. Based on Dr. Siegel's opinion, employee was placed back on the work schedule effective 26 August 1995. However, employee took sick leave, vacation leave or leave without pay 26 August 1995 through 8 October 1995. Additionally, employee took sick leave, vacation leave or leave without pay on October 15, 16 and 23-29, 1995.

Employee did not return to Dr. Siegel but instead received treatment from David E. Tomaszek, M.D., a neurosurgeon, without employer's authorization. Dr. Tomaszek administered nerve block injections and employee reported a lessening of his back pain. Dr. Tomaszek released employee to return to work with restrictions in November 1995. On 20 November, employee began to see Dr. Rudolph J. Maier, a neurologist, also without authorization from employer. In accordance with the recommendations of Dr. Tomaszek and Dr. Maier, employee returned to work for restricted duty. Employee continued to receive medical treatment until September 1996.

RUGGERY v. N.C. DEP'T OF CORRECTION

[135 N.C. App. 270 (1999)]

Employer contends that employee's claim for payment of medical treatment by Dr. Tomaszek and Dr. Maier was subject to attack because the treatment was not authorized by employer or the Commission. Employer further contends that the denial of additional salary continuation benefits was supported by: (1) the findings of Dr. Siegel that employee was capable of full duty on 25 August, 1995, (2) the testimony of Dr. Maier that employee was suggestible and tended to exaggerate his symptoms, and (3) the lack of any clear statement by a physician putting employee out of work for the periods of time at issue.

Employee contends that employee did not return to Dr. Siegel but instead sought treatment from other physicians only after Dr. Siegel refused to see employee. Dr. Siegel initially said that employee could only return to work with restrictions, but then removed all restrictions without seeing employee in the interim. According to employee, Dr. Siegel then refused to see employee or offer employee any explanation for his actions, leaving employee with no option but to find a new physician.

On 27 July 1998, the Commission found that the medical treatment of Dr. Maier and Dr. Tomaszek was necessary and tended to effect a cure and give employee relief with respect to the discomfort and disability which employee suffered as a result of the 12 March 1995 incident. The Commission ordered employer to restore to employee's accumulated sick leave and vacation leave accounts all sick leave and vacation time charged against those accounts during the following dates: May 8, 1995; May 9, 1995; August 24, 1995; August 28, 1995 through September 11, 1995; September 12, 1995 through October 8, 1995; October 15, 1995; October 16, 1995; and October 23, 1995 through October 29, 1995. Additionally, employer was ordered to pay an attorney's fee of five hundred (500) dollars to employee's counsel for defending the claim without reasonable grounds and to pay an attorney's fee of one thousand (1000) dollars to employee's counsel as part of the costs of the appeal. Employer appeals.

[1] On appeal, by its first assignment of error, employer argues that the Commission erred in finding that employer unreasonably defended this case and in finding that employer should pay an attorney's fee of five hundred (500) dollars for defending this case without reasonable ground. We cannot agree.

Whether a defendant had reasonable ground to bring a hearing is a matter reviewable by this Court *de novo*. *Troutman v. White &*

*Simpson, Inc.*, 121 N.C. App. 48, 50, 464 S.E.2d 481, 484 (1995), *disc. review denied*, 343 N.C. 516, 472 S.E.2d 26 (1996). The reviewing court must look to the evidence introduced at the hearing in order to determine whether a hearing has been defended without reasonable ground. *Cooke v. P.H. Glatfelter/Ecusta*, 130 N.C. App. 220, 225, 502 S.E.2d 419, 422 (1998). "The test is not whether the defense prevails, but whether it is based in reason rather than in stubborn, unfounded litigiousness." *Id.* (quoting *Sparks v. Mountain Breeze Restaurant*, 55 N.C. App. 663, 665, 286 S.E.2d 575, 576 (1982)).

Pursuant to North Carolina General Statutes section 97-88.1, "[i]f the Industrial Commission shall determine that any hearing has been . . . defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for . . . plaintiff's attorney upon the party who has . . . defended them." N.C. Gen. Stat. § 97-88.1 (1991). The purpose of North Carolina General Statutes section 97-88.1 is "to deter unfounded litigiousness." *Matthews v. Charlotte-Mecklenburg Hosp. Auth.*, 132 N.C. App. 11, 21, 510 S.E.2d 388, 395, *disc. review denied*, 350 N.C. 834, —— S.E.2d —— (1999).

The policy underlying the Workers' Compensation Act is to "provide a swift and certain remedy to an injured worker and to ensure a limited and determinate liability for employers." *Id.* at 16, 510 S.E.2d at 393. "The Workers' Compensation Act is to be construed liberally, and benefits are not to be denied upon technical, narrow, or strict interpretation of its provisions." *Id.* at 16, 510 S.E.2d at 392.

In the case *sub judice*, employer concedes that employee sustained an injury arising out of and in the course of his employment with defendant and that the injury was compensable under the Workers' Compensation Act. However, defendant argues that the defense of this claim was reasonable because the denial of salary continuation benefits was supported by the following: (1) the findings of Dr. Siegel that employee was capable of full duty on 25 August 1995, (2) the testimony of Dr. Maier that employee was suggestible and tended to exaggerate his symptoms, (3) the lack of any clear statement by a physician putting employee out of work for the periods of time at issue, and (4) the lack of authorization from employer and the Commission for employee to receive treatment from Dr. Tomaszek or Dr. Maier.

We find that the evidence introduced at the hearing did not provide employer with reasonable ground to defend. Employer could not

reasonably have based its decision to defend on Dr. Siegel's findings that employee was capable of full duty on 25 August 1995. Without re-examining the patient, Dr. Siegel reversed his own prior medical decision that employer was not capable of full duty. Two physicians subsequently examined employee and determined that he was not capable of working without restrictions.

The finding of Dr. Maier and Dr. Tomaszek that employee could only perform restricted duty shows that they concluded employee's complaints of pain were legitimate, regardless of whether he was suggestible or tended to exaggerate his symptoms. Dr. Tomaszek would not have performed nerve block injections, an invasive procedure, on a patient whom he believed to be fabricating symptoms. The medical treatment employee received from Dr. Maier and Dr. Tomaszek was necessary and provided him with relief. Following such treatment, employee reported that he had regained control of his left leg, numbness in his right arm had subsided and his pain was significantly reduced.

Furthermore, evidence introduced at the hearing shows that employee missed work to go to the doctor, undergo and recover from treatment. Employer charged employee's vacation time and sick leave time on dates that fell between early May of 1995 and late October of 1995. Dr. Tomaszek administered nerve block injections on employee on 21 September 1995 and 23 October 1995, demonstrating that employee required and received medical treatment during that period of time when employer charged employee's vacation time and sick leave accumulations.

Finally, employee had the right to seek necessary medical treatment from Drs. Maier and Tomaszek and should not have lost vacation and sick time to undergo treatment for his compensable injuries. We recognize that as a general rule, an employer has the right to select a physician to care for an injured employee and an employee may not procure his own medical treatment at the employer's expense without the employer's knowledge and consent. *Schofield v. Tea Co.*, 299 N.C. 582, 586-87, 264 S.E.2d 56, 60 (1980). However, North Carolina General Statutes section 97-25 provides exceptions to the general rule:

> If in an emergency on account of the employer's failure to provide the medical or other care as herein specified a physician other than provided by the employer is called to treat the injured

employee, the reasonable cost of such service shall be paid by the employer if so ordered by the Industrial Commission.

Provided, however, *if he so desires, an injured employee may select a physician of his own choosing* to attend, prescribe and assume the care and charge of his case, subject to the approval of the Industrial Commission.

N.C. Gen. Stat. § 97-25 (Cum. Supp. 1998) (emphasis supplied). The proviso applies to the entire section of North Carolina General Statutes section 97-25. *Schofield*, 299 N.C. at 591, 264 S.E.2d at 62. "[T]he proviso clearly states that an injured employee has the right to procure, even in the absence of an emergency, a physician of his own choosing, subject to the approval of the Commission." *Id.*

Furthermore, the injured employee need not seek approval for a physician's services prior to the treatment. *Forrest v. Pitt County Bd. of Education*, 100 N.C. App. 119, 126-27, 394 S.E.2d 659, 663 (1990) (citing *Schofield*, 299 N.C. 582, 264 S.E.2d 56), *aff'd*, 328 N.C. 327, 401 S.E.2d 366 (1991). Instead, the employee must obtain the approval of the Commission "within a reasonable time after he has selected a physician of his own choosing to assume treatment." *Id. at* 127, 394 S.E.2d at 663. Finally, treatment rendered by an employee's own physician must be "required to effect a cure or give relief[.]" *See Schofield*, 299 N.C. at 595, 264 S.E.2d at 64-65.

The Commission ultimately approved employee's choice of physicians and also determined that the treatment they provided tended to effect a cure. On 8 January 1998, Deputy Commissioner Richard B. Ford filed an Opinion and Award awarding employee medical and salary continuation benefits for medical treatment by physicians of employee's choosing. The Opinion and Award contained the following Finding of Fact:

The medical care and treatment which plaintiff has received during the period from March 12, 1995 to September 1996 has been necessary and has tended to effect a cure and give relief to plaintiff with respect to the discomfort and disability which plaintiff has suffered as a result of the incident of March 12, 1995 and in particular the medical care and treatment of Dr. Rudolph J. Maier and Dr. David E. Tomaszek.

The Deputy Commissioner approved employee's use of physicians other than those provided by employer approximately fifteen (15) months after employee stopped receiving treatment in September

1996. The Commission affirmed the award on 27 July 1998 and made a finding of fact identical to the one above.

There is no evidence in the present case that employer suffered from a lack of notice that employee was receiving treatment from physicians the employer did not authorize. The uncontroverted evidence is that employee did not return to the employer-approved physician, Dr. Siegel, but instead sought treatment from other physicians because Dr. Siegel refused to see employee. We do not believe that the legislature intended to shield employers from paying for medical expenses arising from work-related injuries when the employer-approved physician has refused to treat the employee, forcing the employee to seek treatment from other physicians. "[C]ourts normally adopt an interpretation which will avoid absurd or bizarre consequences, the presumption being that the legislature acted in accordance with reason and common sense and did not intend untoward results." *Comr. of Insurance v. Automobile Rate Office*, 294 N.C. 60, 68, 241 S.E.2d 324, 329 (1978) (citations omitted).

In light of the circumstances, we believe that employee received the Commission's approval for medical treatment by physicians of employee's choosing within a reasonable time. We conclude that employee's failure to obtain the authorization of employer or the Commission prior to receiving treatment from Drs. Maier and Tomaszek did not provide employer with reasonable ground to defend.

We find no substantial evidence of conduct by employee inconsistent with his claim as would support a legitimate doubt about his credibility. *See Sparks*, 55 N.C. App. at 664, 286 S.E.2d at 576. Thus, we conclude that the hearing was defended without reasonable ground and that the Commission did not err in ordering employer to pay to employee's counsel an attorney's fee of five hundred (500) dollars.

[2] In its second assignment of error, employer argues that the Commission erred in finding that employee was entitled to have attorney's fees of one thousand (1,000) dollars paid to his counsel as part of the costs of appeal. We cannot agree.

This Court shall apply an abuse of discretion standard of review for the award of attorney's fees by the Commission. *Childress v. Trion, Inc.*, 125 N.C. App. 588, 590, 481 S.E.2d 697, 698, *disc. review denied*, 346 N.C. 276, 487 S.E.2d 541 (1997). Chapter 97, the Workers'

Compensation Act, authorizes the Commission to award reasonable attorney's fees when the Commission has ordered the insurer to compensate an injured employee.

> If the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this Article, shall find that such hearing or proceedings were brought by the insurer and the Commission . . . by its decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee, the Commission . . . may further order that the cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as part of the bill of costs.

N.C. Gen. Stat. § 97-88 (1991). Employer argues, however, that the Commission abused its discretion in awarding attorney's fees to employee's counsel because employee's claim for salary continuation was not made under Chapter 97, but instead under North Carolina General Statutes sections 143-166.19, *et seq.,* Salary Continuation Plan for Certain State Law-Enforcement Officers.

We find that employer's argument is without merit as North Carolina General Statutes section 143-166.19 provides that the Commission "shall proceed to hear the matter in accordance with its regularly established procedure for hearing claims filed under the Worker[s'] Compensation Act[.]" N.C. Gen. Stat. § 143-166.19 (1999). The established procedure under the Workers' Compensation Act includes the awarding of reasonable attorney's fees to the counsel of an injured employee. Therefore, the Commission may in its discretion award reasonable attorney's fees under North Carolina General Statutes section 143-166.19, the provision that applies to certain state law-enforcement officers. Otherwise, state law-enforcement officers would be singled out and denied awards of attorney's fees if they were injured in the course of their employment, even though their employer had unreasonably defended the claim.

[3] Finally, we find no merit in employer's argument that the Commission erred by awarding attorney's fees for a salary continuation claim. Employer concedes that the Commission is empowered to award attorney's fees for a medical expenses claim, but argues the Commission is not empowered to award attorney's fees for a salary continuation claim. We do not believe that employee's claim is properly characterized as a "salary continuation claim" where employee's

vacation time and sick leave time accumulations have been charged by employer for time out from work due to employee's injury related disability. Indeed, the parties stipulated that employer continued to pay employee his full salary since the date of his injury, leading the Commission to conclude that "plaintiff is entitled to no further wages or compensation than that which he has already received." Employer has offered no justification for charging employee's vacation and sick time for treatment of his compensable injury. We conclude that there is no evidence that the Commission abused its discretion by awarding attorney's fees to employee's counsel as part of the cost of the appeal.

For the reasons stated herein, the Opinion and Award of the Commission is affirmed.

AFFIRMED.

Judges GREENE and HORTON concur.