BILLY MEARES, Employee, Plaintiff v. DANA CORPORATION, Employer, and Self-Insured SPECIALITY RISK SERVICES, Third-Party Administrator, Defendants

No. COA07-1401

(Filed 7 October 2008)

**1. Workers' Compensation— alteration of prior award refused— disability status—injured knee and related conditions**

The Industrial Commission in a workers' compensation case correctly denied defendants' request to change a prior award where defendant did not present evidence that would support reopening the case and changing the award from temporary total disability to permanent disability. Plaintiff was not required to stipulate to the change and, while his injured right knee had reached maximum medical improvement, there was medical testimony that he was not at maximum medical improvement for all of his injury-related conditions, including his other knee.

## 2. Workers' Compensation— attorney fees—motion to alter prior award—no reasonable grounds

The Industrial Commission did not abuse its discretion by awarding plaintiff attorney fees on defendant's motion to change a prior award of benefits where defendants did not have reasonable grounds for requesting the change and the Commission's inference about defendants' motion was based on reason. N.C.G.S. § 97-88.1.

Appeal by defendants from Opinion and Award entered 1 August 2007 by the North Carolina Industrial Commission. Heard in the Court of Appeals 2 April 2008.

*The Sumwalt Law Firm, by Vernon Sumwalt and Mark T. Sumwalt, for plaintiff-appellee.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Paul C. Lawrence, Adam E. Whitten and Margaret M. Kingston, for defendant-appellants.*

STROUD, Judge.

The issues presented by defendants are: (1) whether there was a change in condition such that the Industrial Commission should have changed its prior award and declared plaintiff to be permanently disabled under N.C. Gen. Stat. § 97-29, and (2) whether the award of attorney's fees under N.C. Gen. Stat. § 97-88.1 was appropriate. As to the first issue, we conclude that there was competent evidence to support the Industrial Commission's findings of fact, and the Industrial Commission's conclusions of law were supported by its findings of fact and based upon a correct understanding of the law; therefore the Industrial Commission did not err in declining to change its prior award to declare plaintiff permanently disabled as a result of a compensable injury. As to the second issue, we conclude defendants did not have reasonable grounds for requesting a hearing to determine whether plaintiff was permanently disabled; therefore the Industrial Commission did not err in awarding attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. Accordingly, for the reasons that follow, we affirm.

### I. Factual and Procedural Background

Billy Meares ("plaintiff") was employed by the Dana Corporation ("defendant-employer") for twenty-nine years, from 1972 to 2001. On

26 October 1999, plaintiff suffered an injury to his right knee while moving some boxes at work. On or about 2 October 2001, plaintiff filed Form 18, seeking workers' compensation benefits on account of the knee injury.

In an Opinion and Award issued on 13 July 2004 (*"Meares I"*), the Industrial Commission found that plaintiff "suffered a compensable injury to his right knee" and "plaintiff's right leg problems aggravated or exacerbated plaintiff's left knee arthritis to the extent that it became symptomatic and is in need of treatment." The Commission also found that "[p]laintiff ha[d] not reached maximum medical improvement and [was] in need of further treatment to both legs." Accordingly, the Commission concluded that plaintiff was entitled to continuing temporary total disability benefits and medical treatment for both legs. In the *Meares I* award, the Commission further concluded, *inter alia,* that defendants were "entitled to a credit for amounts paid to plaintiff as a severance package for the period 18 June 2001 through 31 December 2001."

Plaintiff appealed the Commission's award in *Meares I* to this Court, case No. COA04-1196, solely on the issue of defendants' credit for the severance package. *Meares v. Dana Corp./WIX Div.*, 172 N.C. App. 291, 293, 615 S.E.2d 912, 915 (2005). The record on appeal in *Meares I* was filed on 8 September 2004. This Court heard *Meares I* on 24 March 2005, reversing and remanding in a published opinion filed 2 August 2005 on the grounds that the severance package paid to plaintiff was not compensation for his injury and thus defendant-employer was not entitled to a credit for it. *Meares*, 172 N.C. App. at 300, 615 S.E.2d at 919.

While the appeal in *Meares I* was pending, defendants filed Form 33 with the Industrial Commission on 15 September 2004 (*"Meares II"*), which gives rise to the instant appeal, requesting a hearing on the basis that "the Plaintiff is unwilling to stipulate that he [is] permanently and totally disabled as defined by North Carolina General Statute § 97-29." A hearing on *Meares II* was held before Deputy Commissioner Ronnie E. Rowell on 24 October 2005. In an Opinion and Award filed 30 August 2006, Deputy Commissioner Rowell found that plaintiff had not reached maximum medical improvement ("MMI") for all injury-related conditions and concluded on that basis plaintiff was not permanently disabled. Deputy Commissioner Rowell ordered defendants to continue paying plaintiff disability compensation until further order of the Commission and awarded fees to plaintiff's attorney pursuant to N.C. Gen. Stat. § 97-88.1.

MEARES v. DANA CORP.

[193 N.C. App. 86 (2008)]

Defendants appealed to the Full Commission. The Commission admitted the 16 December 2005 deposition of Dixon Gerber, M.D. as additional evidence and heard defendants' appeal on 14 June 2007. The Commission found as fact that plaintiff "was not at maximum medical improvement for all of his injury-related impairments, specifically the left knee." Accordingly, the Commission concluded that "defendant's [sic] request for the Commission to declare the plaintiff to be permanently disabled is premature." The Commission also concluded that because nothing had changed in regard to plaintiff's condition "the present hearing was unnecessary[.]"[1] The Commission ordered defendants to continue to pay temporary total disability and medical compensation to plaintiff. The Commission also taxed five thousand dollars ($5,000.00) as costs against defendants for reasonable attorney's fees pursuant to N.C. Gen. Stat. § 97-88. The Commission further found that "defendant did not have reasonable grounds for prosecuting this claim[,]" and taxed an additional ten thousand dollars ($10,000.00) as costs against defendants for reasonable attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. Defendants appeal.

## II. Disability Benefits

### A. Standard of Review

Appellate review of an award of the Industrial Commission is generally limited to a determination of "(1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact." *Gore v. Myrtle/Mueller*, 362 N.C. 27, 40, 653 S.E.2d 400, 409 (2007) (citation omitted). "The Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Id.* at 40-41, 653 S.E.2d at 409 (citation and quotation marks omitted). Therefore "[t]he Commission's findings of fact are conclusive on appeal when supported by competent evidence, even if there is evidence to support contrary findings." *Effingham v. Kroger Co.*, 149 N.C. App. 105, 109, 561 S.E.2d 287, 291 (2002).

The Commission's legal conclusions are reviewed *de novo*. *Id.* "[W]here there are sufficient findings of fact based on competent evidence to support the [Commission's] conclusions of law, the [award] will not be disturbed because of other erroneous findings which do

---

1. This conclusion is labeled as finding of fact number 17. Nevertheless, whether or not there has been a change in condition is a conclusion of law. *Shingleton v. Kobacker Grp.*, 148 N.C. App. 667, 670, 559 S.E.2d 277, 280 (2002).

not affect the conclusions." *Estate of Gainey v. Southern Flooring and Acoustical Co.*, 184 N.C. App. 497, 503, 646 S.E.2d 604, 608 (2007) (citation and quotation marks omitted). However, "[i]f the conclusions of the Commission are based upon a deficiency of evidence or misapprehension of the law, the case should be remanded . . . ." *Clark v. Wal-Mart*, 360 N.C. 41, 43, 619 S.E.2d 491, 492 (2005). Whether or not "a change of condition pursuant to N.C. Gen. Stat. § 97-47 [has occurred] is a question of law, and thus, is subject to de novo review." *Shingleton v. Kobacker Grp.*, 148 N.C. App. 667, 670, 559 S.E.2d 277, 280 (2002) (citation and quotation marks omitted).

B. Analysis

[1] Defendants contend that the evidence that plaintiff has been *permanently* and totally disabled since his right knee replacement surgery in 2001 is plenary, therefore the Commission erred in concluding plaintiff was *temporarily* totally disabled. Defendants, citing *Knight v. Wal-Mart Stores, Inc*, 149 N.C. App. 1, 562 S.E.2d 434 (2002), *aff'd per curiam*, 357 N.C. 44, 577 S.E.2d 620 (2003), argue plaintiff sought benefits under section 97-29, not section 97-31, therefore whether or not plaintiff has reached maximum medical improvement for all injury-related conditions is irrelevant. Defendants reason from this premise that the Commission found the facts under a misapprehension of law, and therefore, the case must be remanded.

As a threshold matter, we must determine if the facts before the Commission supported the reexamination and alteration of its prior award. The reopening of a workers' compensation case subsequent to a prior award by the Industrial Commission is governed by N.C. Gen. Stat. § 97-47, which states in pertinent part:

> Upon its own motion or upon the application of any party in interest on the grounds of a *change in condition*, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this Article . . . .

N.C. Gen. Stat. § 97-47 (2005) (emphasis added); *Shingleton*, 148 N.C. App. at 674, 559 S.E.2d at 282 (concluding that no change in condition had occurred when the plaintiff presented no medical evidence of a change in circumstances and the "plaintiff's testimony about her physical restrictions [was] virtually identical to that of the [earlier] hearing"). "In all instances the burden is on the party seeking the

**MEARES v. DANA CORP.**

[193 N.C. App. 86 (2008)]

modification to prove the existence of the new condition and that it is causally related to the injury that is the basis of the award the party seeks to modify." *Blair v. American Television & Communications Corp.*, 124 N.C. App. 420, 423, 477 S.E.2d 190, 192 (1996).

In applying N.C. Gen. Stat. § 97-47, the North Carolina Supreme Court has stated:

Change of condition refers to conditions different from those existent when the award was made; and a continued incapacity of the same kind and character and for the same injury is not a change of condition. [T]he change must be actual, and not a mere change of opinion with respect to a pre-existing condition. Change of condition is a substantial change, after a final award of compensation, of physical capacity to earn and, in some cases, of earnings.

*McLean v. Roadway Express*, 307 N.C. 99, 103-04, 296 S.E.2d 456, 459 (1982) (citations, quotation marks and ellipses omitted) (an increase in the plaintiff's disability rating following surgery is a change in condition within the meaning of N.C. Gen. Stat. § 97-47). Stated negatively, "[c]hanges of condition occurring during the healing period and prior to the time of maximum recovery and the permanent disability, if any, found to exist at the end of the period of healing are not changes of condition within the meaning of G.S. 97-47." *Pratt v. Central Upholstery Co.*, 252 N.C. 716, 722, 115 S.E.2d 27, 34 (1960). Furthermore, this Court has held that "a mere change of the doctor's opinion with respect to claimant's preexisting condition does not constitute a change of condition required by G.S. 97-47." *Allen v. Roberts Elec. Contr'rs.*, 143 N.C. App. 55, 62, 546 S.E.2d 133, 138 (2001) (citation, quotation marks and brackets omitted).

We first note that defendants' Form 33, which requested reconsideration by the Commission, did not allege any change of plaintiff's medical condition. Defendants' Form 33 requested a hearing solely on the grounds that "the Plaintiff is unwilling to stipulate that he [is] permanently and totally disabled as defined by North Carolina General Statute § 97-29."[2] Nevertheless, at the hearing before the Commission, defendants offered into evidence a deposition taken on 16

2. Defendants have not cited any statute or case that would require any party to a workers' compensation case to *stipulate* to any fact or legal conclusion, and we are unaware of any such rule. Stipulations are by definition voluntary and not mandatory. *See Black's Law Dictionary* 1455 (8th ed. 2004) (defining stipulation as "[a] voluntary agreement between opposing parties concerning some relevant point[.]").

MEARES v. DANA CORP.

[193 N.C. App. 86 (2008)]

December 2005 from Dr. Dixon Gerber, plaintiff's treating physician, which they contend is "new evidence."

Defendants argue that the testimony of Dr. Gerber supports their assertion that conditions had changed since the Commission's 13 June 2004 Opinion and Award in *Meares I*. Specifically, they cite Dr. Gerber's testimony that "I do not see him returning to that job ever, whether he has . . . the left knee done or not[,]" and Dr. Gerber's agreement with the statement that "[e]ven if [plaintiff] has the additional [left] knee replacement, it's really not going to change his status of being disabled as far as returning to work[.]"

However, in finding plaintiff has yet to reach maximum medical improvement for all injury-related conditions, the Commission also cited Dr. Gerber's 16 December 2005 deposition testimony. The Commission specifically found that "Dr. Gerber was of the opinion, and the Full Commission finds as fact, that the plaintiff was not at maximum medical improvement for all of his injury-related impairments, specifically the left knee." This finding is supported by Dr. Gerber's testimony, which stated that plaintiff "has the *same* degenerative arthritic condition in his left knee that he had in his right knee prior to his [compensable] injury[,]" and that "you can't say he's at maximum medical improvement for his left knee because he *still* has an arthritic knee." (Emphasis added.) The Commission's findings in turn support its conclusion of law: "There is no evidence suggesting that the plaintiff has ever reached maximum medical improvement for all of his injury-related conditions, and in particular his left knee. Since nothing has changed in this regard since the Full Commission's Opinion and Award on July 13, 2004, the present hearing was unnecessary . . . ."

Defendants also argue that the fact that plaintiff has reached MMI in his right knee is a substantial change which merits review and alteration of the *Meares I* Opinion and Award. The Commission's finding that "plaintiff ha[d] reached maximum medical improvement with respect to his right knee injury" is uncontroverted. However, merely reaching MMI with respect to plaintiff's right knee is not a substantial change which can sustain alteration of *Meares I*, (1) because the incapacity is "of the same kind and character" as the incapacity for which plaintiff was previously awarded benefits, (2) because there has been no change in plaintiff's "physical capacity to earn," *McLean*, 307 N.C. at 103-04, 296 S.E.2d at 459, and (3) because it occurred "during the healing period and prior to the time of maximum recovery[,]" *Pratt*, 252 N.C. at 722, 115 S.E.2d at 34. In sum, defendants have offered no

evidence of any change in plaintiff's condition which would support a reopening of the case. We conclude therefore that the Commission correctly determined that defendants had not met their burden of "prov[ing] the existence of the new condition," *Blair*, 124 N.C. App. at 423, 477 S.E.2d at 192, and accordingly denied defendants' request to change its previous award.

### III. Attorney's Fees Pursuant to N.C. Gen. Stat. § 97-88.1

[2] Defendants contend they had reasonable grounds for requesting a hearing regarding the permanence of plaintiff's disability, therefore the Commission's award of attorney fees under N.C. Gen. Stat. § 97-88.1 was an abuse of discretion. We disagree.

N.C. Gen. Stat. § 97-88.1 states:

> If the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them.

N.C. Gen. Stat. § 97-88.1 (2005).

The Commission concluded defendants did not have reasonable grounds for prosecuting the claim *sub judice* after finding:

> 17. . . . Since nothing has changed in [] regard [to maximum medical improvement for all of plaintiff's injury conditions] since the Full Commission's Opinion and Award on July 13, 2004, the present hearing was unnecessary and did not involve an issue that was ripe for adjudication.

Review of an award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 requires a two-part analysis. First, "[w]hether the [party] had a reasonable ground to bring a hearing is reviewable by this Court *de novo*." *Troutman v. White & Simpson, Inc.*, 121 N.C. App. 48, 50-51, 464 S.E.2d 481, 484 (1995), *disc. review denied*, 343 N.C. 516, 472 S.E.2d 26 (1996). For a reviewing court to determine whether a defendant had reasonable ground to bring a hearing, it must consider the evidence introduced at the hearing. *Ruggery v. N.C. Dep't of Correction*, 135 N.C. App. 270, 274, 520 S.E.2d 77, 80 (1999). The determination of reasonable grounds is not whether the party prevails in its claim, but whether the claim "is based on reason rather than stubborn, unfounded litigiousness." *Ruggery*, 135 N.C. App. at 274, 520 S.E.2d at 80 (citation and quotation marks omitted).

**MEARES v. DANA CORP.**

[193 N.C. App. 86 (2008)]

If this Court concludes that the party requesting the hearing lacked reasonable grounds, "[t]he decision of whether to make such an award, and the amount of the award, is in the discretion of the Commission, and its award or denial of an award will not be disturbed absent an abuse of discretion." *Troutman*, 121 N.C. App. at 54-55, 464 S.E.2d at 486. "An abuse of discretion results only where a decision is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Bryson v. Phil Cline Trucking*, 150 N.C. App. 653, 656, 564 S.E.2d 585, 587 (2002) (citation and quotation marks omitted) (affirming the Industrial Commission's award of attorney's fees as a punitive sanction for unfounded litigiousness). On the other hand, if the party requesting the hearing had reasonable grounds to request the hearing, any award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 will be reversed by this Court. *Cooke v. P.H. Glatfelter/Ecusta*, 130 N.C. App. 220, 225-26, 502 S.E.2d 419, 423 (1998).

We concluded *supra* that defendants did not introduce any evidence which would prove the existence of a change in condition and thereby sustain its request for alteration of *Meares I.* Therefore, we also conclude that defendants lacked reasonable grounds to litigate the permanence of plaintiff's disability. Because defendants lacked reasonable grounds to litigate this case, the Commission's decision to tax attorney's fees as costs against defendants "will not be disturbed absent an abuse of discretion." *Troutman*, 121 N.C. App. at 55, 464 S.E.2d at 486.

The Commission found as fact:

18. . . . One apparent reason why the defendant would ask the Commission to declare the plaintiff to be permanently and totally disabled is to expedite the running of the limitations period in N.C. Gen. Stat. §97-38[3] with a 'final determination' of the plaintiff's disability in order to deprive the plaintiff's dependents of compensation under that statute[.]"

(Footnote added.)

---

3. N.C. Gen. Stat. § 97-38 states in pertinent part:

If death results proximately from a compensable injury or occupational disease and within six years thereafter, or within two years of the final determination of disability, whichever is later, the employer shall pay or cause to be paid, subject to the provisions of other sections of this Article, weekly payments of compensation equal to sixty-six and two-thirds percent (66 2/3%) of the average weekly wages of the deceased employee at the time of the accident[.]

N.C. Gen. Stat. § 97-38 (2005).

**MEARES v. DANA CORP.**

[193 N.C. App. 86 (2008)]

Dr. Gerber testified that plaintiff had developed complications from his right knee replacement surgery, including deep venous thrombosis and a pulmonary embolus and was at risk for developing the same conditions if he had replacement surgery on his left knee. Dr. Gerber also testified that a pulmonary embolus is a "potentially life threatening complication of surgery." Thus, the evidence before the Commission indicated that if plaintiff were to have replacement surgery on his left knee and he again developed serious complications, it would be foreseeable that plaintiff might die as a proximate result of his compensable injury. Therefore, we conclude the Commission's inference as to defendants' motives in asking the Commission to declare plaintiff permanently disabled was based on reason. In fact, it is somewhat unusual for the *defendants* in a workers' compensation case to request that an employee be declared permanently and totally disabled—normally the defendants oppose such a determination. Accordingly, we conclude that the Commission did not abuse its discretion when it taxed attorney's fees against defendants as costs pursuant to N.C. Gen. Stat. § 97-88.1.

### IV. Conclusion

Because defendants submitted no evidence of a change in plaintiff's condition, we conclude the Commission did not err when it did not alter its previous award of benefits to plaintiff to declare him permanently disabled. We also conclude that the Commission did not abuse its discretion in awarding plaintiff's attorney fees pursuant to N.C. Gen. Stat. § 97-88.1, because defendants did not have reasonable grounds for requesting the hearing on the permanency of plaintiff's disability and because the Commission's inference as to defendants' motive for requesting a hearing was based on reason. Accordingly, the award of the Industrial Commission is affirmed.

Affirmed.

Judges HUNTER and ELMORE concur.