SHEILA COFFEY, Administrator for the Estate of DENNIS H. BARBER, SR., Deceased Employee, and SHEILA COFFEY, HARVEY BARBER, DENNIS HUBERT BARBER, JR., and PATRICIA BARBER MANNING, Children of Deceased Employee, Plaintiffs v. WEYERHAEUSER COMPANY, Employer, Self-Insured, Defendant

No. COA11-791

(Filed 17 January 2012)

**1. Workers' Compensation—death benefits claim—not timely**

A workers' compensation claim for death benefits was not timely filed where the decedent died more than six years after his injury, a 1999 settlement agreement left nothing further to be decided and became a final determination of disability when it was approved by the Industrial Commission, and more than 2 years passed before decedent's death.

**2. Workers' Compensation— death benefits claims—time limitation—not unconstitutional**

N.C.G.S. § 97-38 is not unconstitutional. *Payne v. Charlotte Heating & Air Conditioning*, 172 N.C. App. 496, involved a different statute.

Appeal by plaintiffs from opinion and award entered 1 March 2011 by the North Carolina Industrial Commission. Heard in the Court of Appeals 29 November 2011.

*Wallace and Graham, P.A., by Michael B. Pross, for plaintiff appellants.*

*Teague Campbell Dennis & Gorham, L.L.P., by Bruce A. Hamilton, Tracey L. Jones, and Leslie P. Lasher, for defendant appellee.*

McCULLOUGH, Judge.

Plaintiffs appeal from an opinion and award by the North Carolina Industrial Commission denying plaintiffs' claim as untimely under N.C. Gen. Stat. § 97-38. We affirm.

I. Background

Dennis H. Barber, Sr. ("Barber") was employed by Weyerhaeuser Company ("defendant") at its Plymouth, North Carolina, facility from 1953 to 1974. On 30 May 1997, Barber was diagnosed with asbestosis, and on 28 April 1998, Barber was diagnosed with asbestos-related laryngeal cancer.

Barber filed a workers' compensation claim, and on 27 October 1999, Barber and defendant reached an Agreement of Settlement (the "1999 Agreement") regarding compensation for Barber's laryngeal cancer and asbestosis. As part of the 1999 Agreement, defendant agreed to pay Barber the total amount of $101,699.86 in full and final settlement of his accrued workers' compensation benefits, as well as lifetime weekly benefits in the amount of $537.80 per week for Barber's "total and permanent disability."

In addition, the 1999 Agreement contained the following paragraph:

> 6. It is the sense of the Agreement that the parties have resolved all issues which have arisen to date involving the contraction of these asbestos related diseases by the Plaintiff-Employee; provided, however that the Plaintiff-Employee

specifically reserves the right to bring an action under the North Carolina Workers' Compensation Act for further benefits, which shall be limited to a claim for death benefits pursuant to N.C. Gen. Stat. § 97-38 and medical compensation pursuant to N.C. Gen. Stat. § 97-25, should he die of either of these diseases and/or subsequently develop or be diagnosed with other asbestos related diseases. For purposes of a potential claim for benefits under N.C. Gen. Stat. § 97-38, the parties agree that the date of approval of this Agreement shall be the date of final determination of disability by the Industrial Commission.

On 1 November 1999, Deputy Commissioner W. Bain Jones, Jr., issued an order approving the 1999 Agreement.

On 4 January 2009, Barber died as a result of the asbestosis. At the time of his death, Barber was survived by his four children: Sheila Barber Coffey, Harvey Barber, Dennis Hubert Barber, Jr., and Patricia Barber Manning (collectively, "plaintiffs"). On 13 April 2009, plaintiffs filed a Form 18B with the North Carolina Industrial Commission (the "Commission"), seeking death benefits under N.C. Gen. Stat. § 97-38. On 1 May 2009, defendant filed a Form 61, amended on 20 May 2009, denying plaintiffs' claim and contending that plaintiffs' claim was barred by the time limitations imposed under N.C. Gen. Stat. § 97-38.

The matter was heard by Deputy Commissioner Stephen T. Gheen ("Deputy Commissioner Gheen"), who entered an opinion and award in favor of plaintiffs, finding that plaintiffs' claim was timely filed under N.C. Gen. Stat. § 97-38 and awarding death benefits to plaintiffs. Defendant appealed Deputy Commissioner Gheen's opinion and award to the Full Commission.

On 1 March 2011, the Full Commission entered an opinion and award reversing Deputy Commissioner Gheen's opinion and award. The Full Commission found that the Commission's 1 November 1999 Order of Approval of the 1999 Agreement resolved the issues of permanent and total disability and constituted a final determination of disability for purposes of N.C. Gen. Stat. § 97-38. Plaintiffs timely appealed to this Court.

## II. Standard of review

"Appellate review of an award from the Industrial Commission is generally limited to two issues: (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact." *Clark v. Wal-Mart*, 360

N.C. 41, 43, 619 S.E.2d 491, 492 (2005). The Commission's findings of fact are conclusive on appeal if supported by any competent evidence. *Barbour v. Regis Corp.*, 167 N.C. App. 449, 454, 606 S.E.2d 119, 124 (2004). We review the Commission's conclusions of law *de novo. McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004).

### III. Time limitation on claim for death benefits

[1] Section 97-38 of the Workers' Compensation Act provides that "[i]f death results proximately from a compensable injury or occupational disease and within six years thereafter, or within two years of the final determination of disability, whichever is later," the employer shall pay death benefits to certain beneficiaries defined under that section. N.C. Gen. Stat. § 97-38 (2009). Consequently, an injured employee's beneficiaries have a statutory claim for the payment of death benefits under this section, so long as the statute's limitations period on the filing of such claims has not run. "Death benefits accrue only if death occurs within the maximum statutorily set time after the accident." *Joyner v. J.P. Stevens & Co.*, 71 N.C. App. 625, 627, 322 S.E.2d 636, 637 (1984) (internal quotation marks omitted).

We first note that plaintiffs do not dispute the following finding of fact in the Commission's order, which is therefore binding on appeal:

> 8. [Barber] was diagnosed with asbestosis on May 30, 1997 and laryngeal cancer on April 28, 1998. Pursuant to the November 1, 1999 Industrial Commission Order, [Barber] received disability benefits starting January 1, 1998. [Barber]'s date of disability was at the latest April 28, 1998. [Barber]'s death on January 4, 2009 was more than six years after [Barber]'s date of disability.

Because it is undisputed that Barber died more than six years following his injury, our review concerns only whether his death occurred within two years of the Commission's final determination of disability.

In their appeal, plaintiffs challenge only the Commission's finding that "[t]he Industrial Commission made a final determination of disability when it approved the parties' Settlement Agreement on November 1, 1999." "Generally, 'any determination requiring the exercise of judgment . . . or the application of legal principles . . . is more properly classified as a conclusion of law.' " *Lamm v. Lamm*, ____N.C. App. ____ , ____ , 707 S.E.2d 685, 691 (2011) (omissions in original) (quoting *In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672,

675 (1997) (citations omitted)). Therefore, this finding is essentially a conclusion of law and is fully reviewable by this Court. *Id.*

Plaintiffs' arguments on appeal postulate that their claim for death benefits under section 97-38 cannot be limited by the provisions of the 1999 Agreement. Specifically, the 1999 Agreement provides that "[f]or purposes of a potential claim for benefits under N.C. Gen. Stat. § 97-38, the parties agree that the date of approval of this Agreement shall be the date of final determination of disability by the Industrial Commission." Plaintiffs contend their death benefits claim cannot be bound by such provision, as they were not parties to the 1999 Agreement.

However, plaintiffs' arguments that the provision setting the date of final determination in the 1999 Agreement is not binding on their claim is inapposite, as plaintiffs are not seeking to enforce any rights under the contractual agreement. Rather, as noted above, plaintiffs' claim for death benefits in the present case is a statutory claim created under section 97-38 of the Workers' Compensation Act. As such, the express provisions of the statute at issue, N.C. Gen. Stat. § 97-38, govern plaintiffs' rights in bringing their death benefits claim. Thus, the only question for this Court is whether the Commission's approval of the 1999 Agreement, a compromise settlement agreement, constituted a "final determination" of Barber's disability under the facts of this case.

"A 'clincher' or compromise agreement is a form of voluntary settlement used in contested or disputed cases." *Ledford v. Asheville Housing Authority*, 125 N.C. App. 597, 599, 482 S.E.2d 544, 546 (1997). The North Carolina Workers' Compensation Act permits parties to enter into such settlement agreements pursuant to the provisions of N.C. Gen. Stat. § 97-17, so long as such settlement agreements are "approved by the Commission." N.C. Gen. Stat. § 97-17 (2009). "In interpreting and applying G.S. 97-17 . . . , it has been uniformly held that an agreement for the payment of compensation, when approved by the Commission, is as binding on the parties as an order, decision or award of the Commission unappealed from, or an award of the Commission affirmed upon appeal." *Pruitt v. Publishing Co.*, 289 N.C. 254, 258, 221 S.E.2d 355, 358 (1976). " 'In approving a settlement agreement the Industrial Commission acts in a judicial capacity and the settlement as approved becomes an award enforceable, if necessary, by a court decree.' " *Morrison v. Public Serv. Co. of N.C., Inc.*, 182 N.C. App. 707, 709, 643 S.E.2d 58, 60-61

(2007) (quoting *Pruitt*, 289 N.C. at 258, 221 S.E.2d at 358). "The Commission's approval of settlement agreements is as conclusive as if made upon a determination of facts in an adversary proceeding." *Pruitt*, 289 N.C. at 258, 221 S.E.2d at 358.

Plaintiffs posit that the Commission's 1 November 1999 approval of the 1999 Agreement cannot constitute a "final determination of disability" for purposes of their death benefits claim because the Commission is not required to make such a determination when reviewing settlement agreements for approval. Plaintiffs also posit that the parties to a settlement agreement cannot agree to make findings of fact for the Commission and that compromise settlement agreements should be considered differently than other types of settlements using various Industrial Commission forms. Nonetheless, as the foregoing cases hold, any settlement agreement approved by the Commission, including the findings and conclusions therein, constitutes a binding and enforceable opinion and award of the Commission, is conclusive as to the issues contained therein, and is treated no differently than an opinion and award of the Commission entered after a full adversary proceeding. Thus, despite plaintiffs' arguments to the contrary, compromise settlement agreements, upon approval by the Commission, can constitute a "final determination of disability," just as any other method for resolving a workers' compensation claim, including settlement agreements on Industrial Commission forms or a full adversary proceeding. The statute affording an injured employee's beneficiaries a claim for death benefits makes no distinction in the method of resolving the injured employee's workers' compensation claim, and we see no reason to treat the various types of settlement agreements differently for purposes of section 97-38. The plain language of the statute simply contemplates a "final determination of disability" by the Commission, regardless of the form.

Moreover, given our opinions in *Estate of Apple v. Commercial Courier Express, Inc.*, 165 N.C. App. 514, 598 S.E.2d 625 (2004), and *Meares v. Dana Corp.*, 193 N.C. App. 86, 666 S.E.2d 819 (2008), we agree with the Commission's conclusion of law that "[f]or purposes of the two year statute of limitations following a final determination of disability, there is a final determination of disability when the Industrial Commission determines that an employee is permanently and totally disabled." *See Apple*, 165 N.C. App. at 518-19, 598 S.E.2d at 628 (holding a Form 21 agreement for disability compensation was not a final determination of disability where the agreement evidenced

COFFEY v. WEYERHAEUSER CO.

[218 N.C. App. 297 (2012)]

uncertainty regarding the injured employee's condition and there was no determination that the injured employee was permanently and totally disabled until the Commission resolved the issue at the request of the parties); *Meares*, 193 N.C. App. at 94-95, 666 S.E.2d at 825-26 (approving the Commission's reasoning that employer unreasonably litigated the permanence of the plaintiff-employee's disability in order to "expedite the running of the limitations period in N.C. Gen. Stat. § 97-38 with a final determination of the plaintiff's disability").

Notably, in the present case, the Commission found as fact that "[o]n October 27, 1999, [Barber and defendant] reached an Agreement of Settlement . . . resolving the issues in dispute at the time, *including the issues of permanent and total disability.*" (Emphasis added.) Indeed, the 1999 Agreement specifically states that Barber "shall be entitled to weekly compensation for his *total and permanent disability*" and specifies the amount of lifetime benefits Barber was to receive. (Emphasis added.) Thus, the 1999 Agreement left nothing further to be decided by the Commission regarding Barber's disability, and the record shows that following the Commission's approval of the 1999 Agreement on 1 November 1999 until Barber's death over nine years later, no other issues regarding Barber's disability was brought before the Commission. Accordingly, based on our reading of our opinions in *Apple* and *Meares*, under the facts of this case, we conclude the 1999 Agreement finding Barber to be totally and permanently disabled became a final determination of Barber's disability when the Commission approved the Agreement on 1 November 1999 and no further action was taken. The Commission properly concluded that "[t]he Industrial Commission's November 1, 1999 Order of Approval of the Agreement resolving issues of permanent and total disability constituted a final determination of disability for purposes of N.C. Gen. Stat. § 97-38."

In upholding the statutory time limits in the present case, we adhere to our Supreme Court's statement that the "overriding policy" of the statute is to "provid[e] death benefits, at a fixed rate for a fixed period, to the individual dependents of an employee who has met with *an untimely and unexpected demise.*" *Deese v. Lawn and Tree Expert Co.*, 306 N.C. 275, 281, 293 S.E.2d 140, 145 (1982) (emphasis added). Indeed, our Supreme Court "noted that it was never contemplated that the Workers' Compensation Act would . . . be the equivalent of general accident, health or life insurance. Instead, this legislation was enacted to afford certain and reasonable relief against *peculiar hardship.*" *Id.* at 281-82, 293 S.E.2d at 145 (emphasis added) (citations omitted).

"We recognize that application of G.S. 97-38 may sometimes have the effect of barring an otherwise valid and provable claim simply because the employee did not die within the requisite period of time . . . . The remedy for any inequities arising from the statute, however, lies not with the courts but with the legislature."

*Joyner*, 71 N.C. App. at 627-28, 322 S.E.2d at 638 (omission in original) (quoting *Booker v. Medical Center*, 297 N.C. 458, 483-84, 256 S.E.2d 189, 205 (1979)).

[2] Finally, although plaintiffs argue the death benefits statute at issue here, N.C. Gen. Stat. § 97-38, is unconstitutional, we find their argument relying on this Court's holding in *Payne v. Charlotte Heating & Air Conditioning*, 172 N.C. App. 496, 616 S.E.2d 356 (2005), is without merit. *Payne* did not hold the statute at issue here is unconstitutional. Rather, *Payne* addressed the constitutionality of N.C. Gen. Stat. § 97-61.6, which imposed a shorter time limitation for the filing of a death benefits claim in asbestosis and silicosis cases, as compared to all other occupational diseases. *Id.* at 502-03, 616 S.E.2d at 361. *Payne* held that a plaintiff suffering from asbestosis or silicosis is similarly situated to all other persons suffering from occupational diseases, and therefore N.C. Gen. Stat. § 97-61.6, which treated the two diseases "differently from other latent occupational diseases" violated the Equal Protection Clause. *Id.* at 504-06, 616 S.E.2d at 362-63.

Further, after holding section 97-61.6 unconstitutional, *Payne* specifically upheld the Commission's determination that the plaintiff's death benefits claim was timely filed, since the "plaintiff's claim was within the time limitation applicable to other occupational diseases, N.C. Gen. Stat. § 97-38," the particular statute at issue in the present case. *Id.* at 506-07, 616 S.E.2d at 363. Thus, *Payne* does not hold that N.C. Gen. Stat. § 97-38 is unconstitutional, and we do not so hold now.

For the foregoing reasons, we affirm the Commission's order denying plaintiffs' claim for death benefits as untimely.

Affirmed.

Judges McGEE and STEELMAN concur.